## JOE ARMSTRONG v. THE STATE.

### No. 3084.   Decided January 11, 1905.

**Sunday Law—Keeping Open For Barter Place of Business.**

Where the information charged and the evidence showed that defendant kept open his place of business on Sunday for the purpose of·traffic, it is immaterial whether he made a sale.

Appeal from the County Court of Tarrant.   Tried below before Hon. R. F. Milam.

Appeal from a conviction of a violation of the Sunday law; penalty, $50.

The opinion states the case.

*McLean & Scott,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State

BROOKS, JUDGE.—Appellant was fined $50, upon conviction under an indictment charging substantially that he "did then and there unlawfully open, keep open and permit to be kept open for the purpose of traffic his place of business, there situated, said Joe Armstrong being then and there a retail liquor dealer," etc.   The only ground for the motion for new trial is, that the evidence is not sufficient to support the conviction.   Appellant was prosecuted under article 199, Penal Code, which makes it an offense for any merchant, grocer, dealer in wares or merchandise, any trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall barter or permit his place of business or place of public amusement to be open for the purpose of traffic, etc., on Sunday.   We believe the clear purport and intent of this statute is to make it an offense to sell or barter on Sunday, or permit such place of business to be open for the purpose of traffic.   The question of sale is immaterial.   Where the evidence indicates that the same was open for said purpose, it is immaterial, we take it, whether there was a sale or not.   Reverting to the evidence, it shows that divers and sundry parties had congregated in appellant's house, most of whom were his regular customers.   Appellant insists that he gave them the whisky because they were his regular cusctomers.   But the jury were warranted in assessing the punishment against appellant, under the terms of the information, since the evidence clearly indicates that the same was kept open for the purpose of traffic.   Accordingly, we hold that the evidence is sufficient to support the conviction.   Wallis v. State, 9 Texas Ct. Rep., 96; Whitcomb v. State, 30 Texas Crim. App., 272.   The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]