### John Morris v. The State.

#### No. 3122.   Decided October 25, 1905.

**1.—Sunday Law—Partnership—Individual.**

A party charged with a violation of the Sunday law is amenable in his individual capacity and not as a member of the firm, and he was a dealer under the statutes, although he may have had a dozen partners.

**2.—Same—Habit of Violating Law.**

It was competent for the State to prove by defendant that he was in the habit of violating the Sunday law.

**3.—Same—Sufficiency of Evidence—Fact Case.**

Where the gravamen of the offense charged was the sale of whisky by defendant in his saloon on Sunday, and the evidence showed that the prosecutor put 25 or 30 cents on the counter in payment for the whisky which defendant had handed him, and for which defendant declined to take any money from prosecutor, but did not protest when the money was left on the counter at the usual place, or that he offered to return it to prosecutor, a conviction is sustained.

Appeal from the District Court of Marion.   Tried below before Hon. P. A. Turner.

Appeal from a conviction of the violation of the Sunday law; penalty, a fine of $25.

The opinion states the case.

*R. R. Taylor,* for appellant.   On question of partnership:   Archer v. State, 10 Texas Crim. App., 482.   On question of sale:   Caspary v. State, 14 Texas Crim. App., 567.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the Sunday law, and appeals.   He was indicted as a merchant and dealer in spirituous liquors, for keeping open his place of business on Sunday, for the purpose of traffic and sale, and sold a bottle of whisky to Porter Davis.   It is contended that inasmuch as he belonged to a firm, he was not amenable to the law in his individual capacity.   In our opinion he was only amenable in his individual capacity and not as a member of the firm; and he was a dealer under the statute, although he may have had a dozen partners.

It was competent for the State to prove by him, as was attempted, that he was in the habit of violating the Sunday law.   Levine v. State, 35 Texas Crim. Rep., 647.

Appellant insists that the evidence fails to sustain the verdict.   The proof shows that he went to his saloon on Sunday, as he says, for the

purpose of cleaning up. Porter Davis and another party followed him into the saloon. He treated them at the bar a number of times; in fact permitted them to drink all the whisky they desired. Porter Davis offered to pay him. This he declined. Before leaving he handed Porter Davis a pint or half pint bottle of whisky. This witness says that he put 25 or 30 cents on the counter, close to the register, in payment for the whisky and left it there; that he did not know whether appellant got the money or not. He further states that appellant refused to sell him any whisky, and refused to take pay for the bottle of whisky that he handed him. Appellant himself says he gave the parties the whisky, because they were good customers of his. Does this evidence make a case for the State? The charge here is, that he made a sale of whisky to prosecutor, Porter Davis. There is no question but that the house was open on Sunday. The witness claims this was for the purpose of cleaning up the saloon. Did he make a sale of whisky to Porter Davis, which is the gravamen of the offense charged? Both witnesses say not. Evidently prosecutor believed he owed for the whisky, or at least he felt obligated to pay for the same, and left the money on the counter at the usual place. No protest was made on the part of appellant. He must have received the money. There is no testimony that he returned or offered to return it to prosecutor. Under these circumstances we think there was a sale. The judgment is affirmed.

*Affirmed.*