L. SANTIKOS v. THE STATE.

No. 6295.   Decided June 8, 1921.

Sunday Law—Evidence—Tax Assessment—Public Record—Ownership.

Where, upon trial of a violation of Article 302, Penal Code, prohibiting the exhibition of certain amusements for pay upon Sunday, the tax assessor of the County was introduced as a State's witness and testified that he had an inventory of the property rendered by the defendant for taxes for said county, for the year 1920, and that such assessment was done by one of his deputies, that he was not acquainted with the signature of the defendant, but the assessment was a public record of the assessor's office, there was no error in admitting said assessment as a public record upon the issue of ownership, besides, there was other testimony sufficient to support the finding of the jury that the defendant was the owner of the property in question.

Appeal from the County Court of McLennan.   Tried below before the Honorable Giles P. Lester.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $20.

The opinion states the case.

*W. L. Eason,* for appellant.—Cited Lankford v. State, 9 Texas Crim. App., 283; Godwin v. State, 44 Texas Crim. Rep., 599; Taylor v. State, 50 id., 381; Gould v. State, 134 S. W. Rep., 695.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—Conviction is for violation of Article 302 of the Penal Code prohibiting the exhibition of certain amusements for pay upon Sunday.

Appellant assails the correctness of the court's ruling in admitting in evidence, over appellant's objection, the assessment of his property for taxes.   The evidence shows that the amusement was conducted on Sunday for pay in a place called the Royal Theatre.

The ownership of the theatre was in issue.   The State relied upon circumstances to establish the ownership of the property, that is, to

90 T. C.—6

establish the connection that appellant had with the operation of the theatre. By one witness it was proved that the appellant admitted that he was the owner of the theatre. It was shown that appellant had his office over the room in which the theatre was conducted and was often seen about the theatre.

The operator of the machinery declined to disclose the name of his employer for the reason that it would incriminate him, and the assistant manager refused to name the manager, or to state whether the appellant was connected with the business or not. Others testified that the Royal Theatre was the appellant's place of business; that he had his office upstairs; that he ran the theatre and managed it; and that he admitted that he owned it.

In the bill of exceptions it was shown that the tax assessor appeared as a witness and stated that he had an inventory of the property rendered by the appellant for taxes in McLennan County for the year 1920; that he did not make the assessment in person but that it was done by one of his deputies; that he was not present at the time; that he was not acquainted with the signature of appellant; that this inventory was a public record of the Assessor's Office and bore date April 20, 1920.

The offense was charged to have been committed on the 23rd day of January, 1921.

Our statute, Article 7547, requires of the assessor that he ascertain and take a list of the taxable property and provides in detail for a form of assessment blanks. (See Article 7562.) Touching this character of evidence, Mr. Wigmore, in his work on Evidence, says:

"The duty of a tax-assessor requires him ordinarily to ascertain, for each piece of property, the person owning or occupying it and the value of the property. It is also clearly his duty to record the facts thus ascertained. The only objection to the admissibility of his record as evidence of these facts must arise from the principle already considered (*ante* Sec. 1635), that the record of the assessor is not of his own personal deeds or observation, but of facts occuring without his observation. This objection is of no force when the officer's duty clearly requires him—as in the assessor's case—to depend upon investigation. If the assessor does not merely record the sworn statement of the claimant, but also satisfies himself by independent means, and follows his own judgment, his finding deserves some credit."

Among the cases cited by the author supporting the text as applicable to the ownership of property we mention Winter v. Baudel, 30 Ark., 362; Tolleson v. Posey, 32 Ga., 372; Painter v. Hall, 75 Ind., 208; Beekham v. Hamlin, 23 Oregon, 313; Fudge v. Marquell, 164 Ind., 447; Ivey v. Cowart, 124 Ga., 159.

We think the testimony was evidence of the contents of the public record, admissible as a circumstance against the appellant upon the issue of ownership. If in that view we were mistaken, the receipt of the

evidence could not work a reversal for the reason that there is no evidence controverting the admission and circumstances which the State introduced and which were sufficient, aside from the tax record, to support the finding of the jury that the appellant was the owner of the Royal Theatre.

The judgment of the trial court is therefore affirmed.

*Affirmed.*

[Rehearing denied October 12, 1921. Reporter.]