## H. C. TIMBERLAKE V. THE STATE.

No. 17074. Delivered December 19, 1934.
Rehearing Denied February 13, 1935.

64

The opinion states the case.

*F. R. Gray,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating Sunday law; punishment, a fine of $20.00.

Appellant was charged with being a merchant and a grocer and a dealer in wares, merchandise and provisions, and that he did sell certain merchandise and provisions on Sunday after 9 o'clock A. M.; also did then and there on said date and after 9 o'clock A. M., permit his place of business to be open for the purpose of traffic.

We find in the record four bills of exceptions, each of which, as we understand it, presents the question of the insufficiency of the testimony in various ways. Bill No. 1 complains of the overruling of the motion for new trial predicated on the lack of evidence. Bill No. 2 sets up a special charge given by the court instructing the jury that before they could convict they must believe beyond a reasonable doubt that defendant was a merchant, and a dealer in wares, merchandise and provisions, and did make the sale alleged, or kept his place of business open for traffic as alleged, and in the event they had a doubt as to same they should acquit; and that the jury did not regard the instructions of the court but wholly ignored

same, and that the evidence is insufficient. Bills No. 4 and 6 present in substance the same complaint.

Appellant's attorney has a brief in this case showing care and effort in the preparation and presentation of authorities upon the questions raised on behalf of the defense. The authorities cited have been examined with care and interest. It may be stated in general, that one, charged as an individual merchant, dealer, etc., may be held liable though the record show that he has one or many partners, it being sufficient to show that he was in fact the owner or part owner, and if such fact be shown, and that he was present when the place of business was open for traffic, it is immaterial whether he in person make the sales or some one otherwise connected with the business. See Moncla v. State, 70 S. W. Rep., 548; Morris v. State, 48 Texas Crim. Rep., 562. It is also held that if the place of business is open for traffic on Sunday, it is immaterial whether a sale was made or not. Brown v. State, 38 Texas Crim. Rep., 597; Armstrong v. State, 47 Texas Crim. Rep., 510. Appellant's principal contention seems to be that the evidence is not sufficient to show that he was either in part or in whole the owner of the business in question.

The State introduced the tax assessor who testified that he knew where the Timberlake grocery store was located; that it was in the city of San Saba, and that the stock of goods in said store was rendered by this appellant; that he did not render the building, but did render the stock of goods. Mr. Oliver testified that on Sunday morning, January 28, 1934, after 9 o'clock A. M., he walked down the street in San Saba to a point just across the street from Timberlake grocery and filling station, and that while there he saw Johnnie McKown go into Timberlake's and buy groceries and come out. He also testified that he saw several people going in and out of Timberlake's store; that they would come out with sacks. He also saw some girls ride up to the store on bicycles, go into the store and come out with something. Witness then made contact with Decker Bostick, and gave him twenty-five cents with which to go and buy twenty-five cents worth of sugar from Timberlake. Decker Bostick testified that on said Sunday he did get twenty-five cents from Mr. Oliver, and that he did go into Timberlake's store and buy twenty-five cents worth of sugar. . Appellant waited on him. He also bought a sack of smoking tobacco. He said this was on Sunday and somewhere around 11 o'clock. He was acquainted with appellant; had traded with him at other times at said store. He had not

traded there since January 28th because he heard that the Tiimberlake boys were going to whip him. Johnnie McKown testified that he lived in San Saba and knew appellant, and had been in his store and bought groceries, but he was unwilling to state that he had ever bought groceries on Sunday. Appellant offered no testimony.

In Santikos v. State, 233 S. W. 848, the proposition of the introduction of an assessment of taxes was discussed, said assessment being offered on the question of ownership. We held the admission of the evidence for said purpose proper. It is true in that case, apparently, the assessor's record was offered and was under discussion. In the present case the assessor testified that he had in his hand the record of his assessment and that it was made by appellant in person. There was no objection to this testimony, and we think it competent to go before the jury to be considered by them as bearing upon the proposition of ownership. We have quoted from the testimony at some length in order that it may appear that this appellant not only rendered the taxes, but that he was present at different times and engaged in the management of the business, and appears to be one of the proprietors thereof. The fact that it was Timberlake's grocery store and that H. C. or Harry Timberlake, this appellant, rendered the goods, wares and merchandise in the store, and was there in person keeping the place open and conducting business on the Sunday morning in question, would seem sufficient to justify the jury in their conclusion that he was the owner and proprietor, or one of them. A special charge on this issue was given at the request of appellant. We see no need for discussing at length the various authorities cited in the able brief of appellant.

Believing the evidence sufficient, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant, through his counsel, presents an elaborate and interesting motion for rehearing in which he rehearsed in detail the evidence adduced upon the trial, contending that it fails to support the verdict. The matter has been dealt with fully in the original opinion, which is to the contrary conclusion.

Appellant especially stresses the contention that the testimony given by the tax collector is incomplete and inadequate to establish the fact that appellant had the property in ques-

tion for taxes. In this connection, appellant urges that the written record of the rendition was not introduced. The testimony upon the subject, as quoted in the appellant's motion for rehearing, is as follows: "My name is W. T. Terry. I am tax collector of San Saba County; I know where the Timberlake Grocery Store is located; it is located in the city of San Saba, in the County of San Saba and State of Texas; the stock of goods in the Timberlake Grocery Store is rendered by H. C. Timberlake; he does not render the building; he does render the stock of goods; I have the rendition sheet for the Timberlake Grocery Store here in my hand."

There appears to have been no opposition to the verbal testimony of the witness Terry. We note that he said: "I have the rendition sheet for the Timberlake Grocery Store here in my hand."

The record raises no complaint of the fact that the sheet was not handed to the jury or that the contents was not read to the jury. Both the State and appellant seem to have contented themselves with the testimony of the official to the effect that the property in the store was rendered by H. C. Timberlake. To establish that fact, in the absence of further challenge of its accuracy, the evidence quoted is deemed quite sufficient.

In the case of Santikos v. State, 233 S. W., 848, to which appellant refers, a bill of exception was discussed in the following terms: "In the bill of exceptions it was shown that the tax assessor appeared as a witness, and stated that he had an inventory of the property rendered by the appellant for taxes in McLennan county for the year 1920; that he did not make the assessment in person, but that it was done by one of his deputies; that he was not present at the time; that he was not acquainted with the signature of appellant; that this inventory was a public record of the assessor's office, and bore date April 20, 1920."

In that case it was held that the testimony of the tax assessor was properly received.

In the present instance, the assessor was present; likewise the assessment. He declared that appellant rendered it; that the sheet showing the rendition was in his possession and was available to the court.

Our review of the record leaves us of the opinion that the conclusion reached and stated in the original opinion correctly disposed of the appeal. A further discussion of the evidence is

deemed unnecessary as it appears in substance in the original opinion.

The motion for rehearing is overruled.

*Overruled.*