## 2211.   ALEXANDER v. THE STATE.

Where evidence does not in any reasonable degree tend to establish ·the probability of the fact in controversy, because of remoteness or irrelevancy, it should not be admitted; and if it is admitted over the objection of the defendant, and the court, in charging the jury, directs attention to it and gives it probative value, it will be presumed that its admission and the charge of the court thereon were hurtful and prejudicial.

Indictment for sale of liquor; from Cobb superior court—Judge Morris.   October 6, 1909.

Argued November. 16,—Decided December 4, 1909.

*Mozley & Moss,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

HILL, C. J.   Emma Alexander was convicted of a violation of the prohibition law, the specific charge in the indictment being that she "did sell and barter for a valuable consideration to one Henry Baldwin and Ernest Hinton certain quantity of intoxicating wines, beers, and liquors."   On her trial Ernest Hinton testified, that he bought some whisky from the defendant at her house in Cobb county, in the city of Marietta, about six months previously; that he went to her house and told her that he wanted some liquor, and· she took him to the middle room of the house, and brought out a quart bottle of whisky about half full, from which she sold him two drinks at ten cents a drink.   This was the only direct testimony against the defendant.   Another witness testified that in company with the deputy sheriff of the county, he went to the defendant's house about a week or ten days before the day of the trial, and searched the house, under an order of the superior court, and found three quarts of whisky in a work basket sitting under the bed in the middle room of her house, and a bottle about half full of whisky sitting on the center table.   No measures, funnels, glasses, or other fixtures used in retailing whisky were found.   Several empty jugs and bottles were found in the house.   The evidence did not disclose the character of. these empty jugs and bottles.   When this testi-

mony was offered it was objected to by the defendant, on the ground that it was irrelevant and immaterial, and did not shed any light upon the sale of the whisky to Ernest Hinton, which was made six months previous thereto, and was too remote as a circumstance of corroboration. The court overruled the objection and admitted the testimony; to which ruling the defendant excepted on the same ground urged against the admissibility of the evidence, and insisted that the evidence illegally admitted was hurtful to the defendant. The court instructed the jury as follows: "I charge you, that one accused of unlawfully selling intoxicating liquors is in possession of quantities of liquor bottles and jugs is a circumstance which, in connection with other circumstances, will authorize the inference that the owner is engaged in the unlawful sale of intoxicants." This excerpt from the charge is excepted to because the only testimony upon which it is based was irrelevant, immaterial, and remote testimony, which the court had unlawfully admitted over the objection of the defendant, and because this charge was calculated to injure the defendant's cause, was hurtful to her, and was largely responsible for her conviction. Both exceptions bring in question the legality of the ruling of the court in admitting the testimony objected to. No precise and universal test of the relevancy of testimony is furnished by the law. The question must be determined in each case according to the facts of that particular case and in accordance with the teachings of reason and judicial experience. Steph. Dig. Ev. 12; Thayer's Cases on Evidence, 2, 3. One general rule on the subject may be laid down. If the evidence conduces in any reasonable degree to establish the probability of the fact in controversy, it should go to the jury; or, as expressed by Mr. Greenleaf, "if the evidence tends to prove the issue, or constitutes a link in the chain of proof; although, alone, it might not justify a verdict in accordance with it." 1 Gr. Ev. (15th ed.) §51. In other words, any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. 11 Cyc. 174; *Walker* v. *Roberts,* 20 *Ga.* 15; *Sample* v. *Lipscomb,* 18 *Ga.* 687. A concrete application of these general tests of relevancy of testimony to the facts of this case will determine whether the judge erred in the admission of the testimony in question. The defendant was charged with

selling liquor, in violation of law, to a particular, designated person. She was not charged with selling liquor in violation of law generally, and the pertinent issue in the case was as to the truth of the allegation made in the indictment, that she had sold the liquor to the person named.   Under this indictment any evidence that she had sold it to any other person would not have been legally admissible.   If, about the time the defendant was proved to have sold intoxicating liquors to a named person, there had been found in her house, in the room where she had sold this liquor, bottles and jugs containing intoxicating liquors, whisky glasses, and other indicia of a blind tiger, such testimony would unquestionably have been admissible, for such facts closely associated with the fact in issue,— to wit, the sale of the liquor to the person named,—would render the existence of that fact more or less probable.   See *Taylor* v. *State, 5 Ga. App.* 237 (62 S. E. 1048).   In this case the evidence was that six months after the two sales, which occurred at the same time, to the person named in the indictment, three bottles of whisky were found under the bed in the defendant's room, and one bottle, about half full of whisky, was sitting on the center table, but, according to the statement of the witness, nothing was found indicating any illegal retailing of intoxicating liquors by the defendant. It is true the witness says that several empty jugs and bottles were found in the house, but the testimony does not disclose the character of these jugs or bottles, or whether they were found in the same room with the whisky.   Considering the remoteness of time intervening between the sales proved and the finding of the whisky, and the inconclusive character of the circumstances narrated, we are clearly of the opinion that the evidence admitted had no probative value as to the fact at issue,—to wit, the guilt of the defendant in selling the liquor to the person designated in the indictment. There was no logical connection whatever between the sale and the finding of the three and one-half bottles of whisky six months thereafter in the woman's house.   The presence of the whisky in her house six months after the sale did not in any degree tend to prove the issue charged against her in the indictment.   It was entirely consistent with her innocence.   Was the evidence hurtful to her? Ordinarily the admission of evidence entirely irrelevant and immaterial would not be sufficient ground to justify another trial; but there are cases in which testimony, although remote and irrelevant,

may be vastly prejudicial and hurtful. An illustration of the truth of this statement would be where such remote and irrelevant testimony was given undue and improper weight by the trial judge in his instructions to the jury. Jurors unlearned in the law, as well as in the rules of logic, are not apt to draw distinctions between what is relevant or irrelevant, material or immaterial, when tested by law or logic; and if their attention is called by the trial judge to testimony irrelevant to the main issue, and they are told that such irrelevant testimony, considered in connection with other circumstances, will authorize an inference of guilt, they will probably give undue weight to that testimony, which neither in law nor logic has any evidentiary value. The conclusion, it seems to us, is irresistible that the admission of this irrelevant testimony, and calling attention to it and giving it probative value in the charge, was necessarily hurtful and prejudicial to the defendant; and for this reason we are constrained to reverse the judgment refusing to grant another trial.                           *Judgment reversed.*