### 33404. TAYLOR *v.* THE STATE.

Decided April 17, 1951.

*R. Howard Gordon, Rupert A. Brown,* for plaintiff in error. *Carey Skelton, Solicitor-General, L. S. Johnson,* contra.

MacIntyre, P. J. Grady Taylor was indicted, tried and convicted for arson. His amended motion for a new trial, based upon three special grounds, numbered 4, 5, and 6, was overruled and he excepted.

■ The general grounds of the motion for a new trial were expressly abandoned by counsel for the defendant and will not be considered.

■ The entire charge by the court on the subject of impeachment of witnesses is as follows: "To impeach a witness, gentlemen, is to show to the satisfaction of the jury that such witness is unworthy of belief. A witness may be impeached by evidence as to his general bad character. The credit to be given his testimony where so impeached for general bad character shall be for the jury to determine. The credibility of the witnesses being a matter to be determined by the jury under proper instructions from the court, if an effort should be made to impeach a witness it would be for the jury to determine whether such effort has been successful." Here there was no request to charge. The first sentence of the portion of the charge quoted above, "to impeach a witness, gentlemen, is to show to the satisfaction of the jury that such witness is unworthy of belief," is in accord with the decision of *Powell* v. *State,* 101 *Ga.* 9, 20 (29 S. E. 309). Following this sentence the court then charged correctly on one of the modes of impeachment, to wit, impeachment by proof of general bad character (Code § 38-1804). The defendant contends that when, in its charge to the jury, the court refers to the subject of impeachment of witnesses, all of the law which is applicable to the facts of the case on that subject should be given.

" 'If the court undertakes to instruct the jury as to the methods by which a witness may be impeached, he should instruct them

as to all the methods of impeachment, so far as such instructions are authorized by the evidence; but his failure to do so will not require the granting of a new trial, where no written request was made to charge the jury as to the mode of impeachment omitted by him from his instructions upon the subject of impeachment of witnesses.' Accordingly where the instructions given on the subject of impeachment are correct, they are not vitiated by a mere failure, without request, to charge the jury a particular or more detailed statement of a rule." *Smaha* v. *George,* 195 *Ga.* 412 (24 S. E. 2d, 385).

In the absence of a request to charge, it is not reversible error to fail to charge on the law of impeachment of witnesses. *Cole* v. *Byrd,* 83 *Ga.* 207 (3) (9 S. E. 613).

A mere failure to charge as to another method of impeachment does not in any wise invalidate a correct instruction as to one method of impeachment upon which the court has properly instructed the jury.

The foregoing rule, that where the judge charges correctly on one or more of the methods of impeachment, his failure to charge upon another method raised by the evidence is not reversible error in the absence of a request to charge, is subject to the single exception embraced in Code § 38-1806, which is: "if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." But before this rule of total rejection is applicable, the false swearing must have been done in the case on trial and not in the trial of some other case, no matter how closely related. *Milwaukee Mechanics Insurance Co.* v. *Davis,* 79 *Ga. App.* 70, 83 (52 S. E. 2d, 643). This exception to the rule is not applicable to the facts of this case; hence under the rule laid down in *Smaha* v. *George,* supra, the court's failure, in the absence of a timely written request, to give a more detailed charge on the subject of impeachment of witnesses was not reversible error. Ground 4 of the amended motion for a new trial is not meritorious.

■ "There is nothing peculiar about evidence of good character that should cause the court to single it out and charge upon it, rather than upon any of the other evidence offered in the case. He may do so if he desires, but, in the absence of a writ-

738

ten request, there is nothing to require a charge on the subject. Its sole relevancy is that it is one of the facts which may tend to make the defendant's guilt doubtful." *McLendon* v. *State,* 7 *Ga. App.* 687 (2) (67 S. E. 846); *Brantley* v. *State,* 154 *Ga.* 80 (4) (113 S. E. 200). "In *Scott* v. *State,* 137 *Ga.* 337 (73 S. E. 575), this court held: 'While the good character of an accused person is a substantive fact, and evidence of such character should be weighed and considered by the jury in connection with all the other evidence in the case, still such good character of the accused is not a distinct substantive defense. A proper instruction should be given in every case, where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263).' The present case falls within the general rule, and not within the exception." *Greer* v. *State,* 159 *Ga.* 85, 94 (125 S. E. 52). Ground 5, complaining of the court's failure to charge on the effect to be given the evidence of the defendant's good character, is not meritorious.

■ Where no more specific objection is made at the time a confession of the defendant is offered in evidence than that "the proper foundation hasn't been laid," such objection is too general and raises no question for determination by this court. *Owen* v. *State,* 78 *Ga. App.* 558 (51 S. E. 2d, 602); *Freeman* v. *Young,* 147 *Ga.* 699 (3a) (95 S. E. 236); *Barkley* v. *State,* 190 *Ga.* 641 (3) (10 S. E. 2d, 32).

The court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*