## 31767. NORWOOD v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of armed robbery and sentenced to twenty years. He appeals, enumerating as error the denial of his motion for mistrial on the grounds a state's witness placed his character into evidence and that certain exhibits were improperly admitted into evidence. We affirm.

1. Appellant did not place his character into evidence and complains the following testimony by Detective Jackson did so: "A. Well, he stated he was from New York, and he had come [sic] to Georgia and got into trouble and that was the reason he was down there." The jury was excused and mistrial granted, then reserved to permit the witness to explain what he meant by "got into trouble." The witness stated he assumed "he meant the trouble they had him down there for." The court thereupon denied the motion for mistrial. Taken in context, the remark does not refer to prior convictions or bad character, but shows the appellant was commenting upon his present arrest in explanation of why he was at the police station. There was no error.

2. At trial, a .38 caliber pistol and a brown bag containing money, food stamps and a sales receipt endorsed with the name of a store's customer were introduced over objection that an unbroken chain of custody had not been established. "There is no necessity of establishing a chain of custody [as to each item] where the evidence sought to be admitted is a distinct physical object that can be identified and differentiated by the senses on observation." *Ramey v. State,* 238 Ga. 111, 113 (1976); *White v. State,* 230 Ga. 327 (196 SE2d 849) (1973); *Starks v. State,* 113 Ga. App. 780 (149 SE2d 841) (1966). The brown bag, money and food stamps, although indistinguishable by mere observation from other such

items, were found on the person of the appellant near the time of and scene of the robbery following his arrest and would be properly admitted as a circumstance relating to the robbery. *Grimsley v. State,* 225 Ga. 567 (4) (170 SE2d 238) (1969). There was no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 10, 1976 — DECIDED JANUARY 6, 1977.

*Jack Dorsey,* for appellant.

*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General, Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney,* for appellee.