## 59846. THE STATE v. WATTS.

DEEN, Chief Judge.

This is an appeal by the state from the grant of a motion to suppress evidence. The defendant, driving his car down the road, was stopped by police officers who searched the vehicle and discovered two pounds of marijuana in the car trunk, which they forced open with a jack. The questions before us are probable cause in stopping the car and arresting the driver, and probable cause in searching the vehicle without a warrant.

1. Watts' home had been searched in his absence about a week prior to this incident by virtue of a search warrant and a small quantity of marijuana had been found. There was "a charge of possession on him" but he had not been arrested because "nobody had been able to see him or find him or anything," and the warrant had not been drawn. This particular stop therefore could not have been and was not claimed to have been made pursuant to the prior incident of the house search, and is accordingly irrelevant to the probable cause issue before us.

2. "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." Chambers v. Maroney, 399 U. S. 42, 52 (90 SC 1975, 26 LE2d 419) (1970); *Phillips v. State,* 233 Ga. 800, 802 (213 SE2d 664) (1975). We must therefore judge the reasonableness of this warrantless search by whether or not there was probable cause to believe the defendant was committing the felony of possessing contraband drugs rather than whether or not this was a search pursuant to a legal arrest for the prior offense of possessing a small quantity of marijuana at the home on a prior occasion.

3. To establish probable cause (whether for the issuance of a warrant by a magistrate or, under exigent circumstances, for search

without a warrant) three elements are essential: that there is reason to accept the informer's reliability; that the facts are sufficient to show how the informer obtained his information or that the criminal activity is described in such detail as to negate its being a mere rumor; and, that the information is current, not stale. *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894) (1973). The officer testified that his information was received from an informant with whom he had had prior dealings and on the basis of whose information five or six arrests had been made; that on this information he was informed that "Watts was at home and was going to be leaving and he had two pounds of marijuana and some other drugs in his possession" in dark green or black trash bags, and that the informant had seen them. The information is marginal in that while arrests had been made on the basis of previous tips we are not informed whether or not the information was true or resulted in conviction. However, as to the objection that in the present case the information might be stale, we disagree. Testimony of the officer that the informant said he saw the drug, that it was in the defendant's possession and that "he [the tipster] said he [the defendant] would be leaving home and didn't know for sure where he was going, so I went in that direction" [to the home] is sufficient to establish that the information was understood to mean that the defendant was leaving shortly. The officers went to the home, found he had left, and then circled the neighborhood and located him in the car about two miles away heading south.

4. It is, however, very doubtful that the facts set out above were sufficient to establish that the defendant was leaving *with the drugs* and the trial court hearing the motion to suppress found to the contrary. He further held that there were no exigent circumstances. Watts had been patted down and informed that he was under arrest (based on the search of his home?), and no contraband had been found either on his person or in plain view so as to dispense with a proper warrant. The car was searched; the officers asked the defendant for the key to the trunk and when he told them the door had been jammed and he had no key with him they pried it open with a jack handle. They then found the drugs partly in plastic bags and partly in a cash box.

The general rule is that one of the exigent circumstances justifying a warrantless search is a situation where there is a seizure and search of a moving vehicle, and when the vehicle is indeed moving there is only the requirement that the search and seizure be based upon sufficient probable cause. *State v. Bradley,* 138 Ga. App. 800 (2) (227 SE2d 776) (1976). However, the judge hearing the motion to suppress is the trier of fact, and his factual conclusion that there are no exigent circumstances, if supported by evidence, is controlling,

even though the set of circumstances which ended with the search began with the stopping of a moving vehicle. "Whether exigent circumstances precluded obtaining a warrant is a question of fact to be determined by the trial court." The trial judge hears the witnesses, makes decisions on the veracity and reliability of the testimony, and his decision if supported by any evidence is to be accepted. *Love v. State,* 144 Ga. App. 728 (242 SE2d 278) (1978). Only on this basis can the *Bradley* and *Love* cases be reconciled; otherwise, as Judge Birdsong comments in his special concurrence to *Hardwick v. State,* 149 Ga. App. 291, 295 (254 SE2d 384) (1979), the status of search and seizure in Georgia remains unclear. Where, as here, the court had a rational basis for finding that there was in fact no prior arrest warrant, that the information received from the tipster did not indicate that the defendant was removing the drugs in his automobile, and that the defendant was stopped on the basis of suspicion merely, his conclusion that these circumstances did not rise to the level of probable cause will be accepted by this court.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED MAY 5, 1980 — DECIDED
JUNE 5, 1980.

*Richard E. Allen, District Attorney, William H. Lumpkin, Jr., Assistant District Attorney,* for appellant.
*Christopher G. Nicholson,* for appellee.