## 66993. HOLMES v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery and escape from custody. He contends on appeal that the trial court erred (1) by denying his motion in limine to suppress identification testimony, thereby denying him his right to due process of law; (2) by limiting redirect examination of appellant; and (3) by failing to charge, upon written request, on the lesser offense of theft by taking.

Somewhere around 3:00 a.m., June 15, 1981 Lonnie Freeman, a taxicab driver, stopped at a service station to discharge appellant, a passenger. Appellant placed a gun at Freeman's head and took all of his money. Appellant then got out of the cab and started running; Freeman had a gun and fired six shots at appellant, striking him twice in the leg. Freeman called the police and while talking to them at the scene, a radio report came in that a man who had been shot was picked up about a block away. Freeman described appellant's clothing and based on that description, the police thought they had the man who robbed Freeman, and took him to Grady Hospital. Freeman went to the hospital and identified appellant as the person who robbed him. Appellant was arrested and placed under police custody in the hospital; about a week later appellant escaped from the hospital, and was not apprehended until about one year later. Appellant testified that he did not commit the robbery, but was shot by an unknown assailant while walking home.

1. Appellant contends that because the identification procedure at the hospital was impermissibly suggestive, the trial court erred by denying his motion in limine to exclude testimony relating to such identification.

Freeman testified that after describing appellant's clothing, he heard the policeman state over the radio that "I think I have got him down here. Got somebody had been shot twice." Freeman arrived at the hospital about 45 minutes later and was taken to the emergency room. He saw appellant lying on a bed at the same time a detective was showing Freeman appellant's driver's license with his picture on it. Freeman recognized appellant as the person who had robbed him, but testified he would be able to identify appellant if he had never gone to the hospital and had never seen appellant's picture.

Appellant argues that by the police stating they thought they had appellant and by showing Freeman appellant's picture, the one-on-one confrontation was impermissibly suggestive, thereby depriving him of his due process rights. We do not agree.

It is the likelihood of misidentification which offends against due process, and the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the

criminal at the scene of the crime, the accuracy of the witness' prior description of the criminal, and the level of certainty demonstrated by the witness at the confrontation. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). Applying these tests to the instant case we find no likelihood of misidentification. Freeman talked to appellant face to face for about a minute before he entered Freeman's cab; the interior light of the cab was turned on when Freeman stopped to let appellant out; and the service station where Freeman stopped was well-lighted. The viewing of appellant and his driver's license by Freeman at the hospital was simultaneous. The policeman's statement that "I think I have got him down here" was made only after Freeman described appellant's clothing. Thus, the confrontation met the Neil v. Biggers tests to eliminate the likelihood of misidentification. See *Yancey v. State*, 232 Ga. 167, 170 (205 SE2d 282) (1974). Further, as the in-court identification was shown to be independent of the confrontation at the hospital, it was not error to allow testimony relating to the identification of appellant by Freeman. *Harley v. State*, 160 Ga. App. 613, 614 (287 SE2d 582) (1981); *House v. State*, 170 Ga. App. 88, 89 (1984).

2. Appellant contends the trial court erred by limiting his counsel's redirect examination of appellant. On redirect examination appellant's counsel asked appellant if he knew his counsel was a public defender, and how many clients appellant had seen his counsel representing in court. Objections to those questions were sustained on the ground that they were irrelevant, and appellant contends this was error.

The conduct and extent of redirect examination is left to the sound discretion of the trial court, *Morgan v. State*, 240 Ga. 845, 847 (1) (242 SE2d 611) (1978), and it is clear the trial court did not abuse its discretion in the instant case, as the questions proposed were totally irrelevant to any matter in issue.

3. Appellant contends it was error to refuse his written request to charge on the lesser included offense of theft by taking. Freeman's testimony established all elements of the offense of armed robbery. OCGA § 16-8-41. Appellant denied participating in the robbery and testified he was elsewhere when the robbery occurred. Thus, appellant either committed robbery or no offense at all. Since there was no evidence raising the lesser offense of theft by taking, the trial court did not err by failing to give appellant's requested charge. *Shepherd v. State*, 234 Ga. 75, 78 (3) (214 SE2d 535) (1975).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1984.

*Derek H. Jones,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.