## 67640. JOHNSON v. THE STATE.

BANKE, Judge.

James Arthur Johnson appeals his misdemeanor conviction of theft of cable television services of a value less than $200.

While a lieutenant with the Clayton County Fire Department, appellant signed a contract for cable television service to be provided to the fire station to which he was assigned. The contract provided for approximately 30 "regular" channels and one movie channel. The television set served by the cable was located in the "day room" of the fire station, which was available to all fire fighters during leisure periods. Virtually all of the 18 fire fighters assigned to the station had contributed to the cost of the cable service.

About three weeks after the cable service was installed, an investigator for the district attorney's office received information that the "converter box" attached to the television set had been altered so as to permit reception of additional channels which the station was not authorized to receive under the contract. The next day, without obtaining a search warrant, the investigator, accompanied by a police captain and an assistant fire chief, went to the fire station and entered the day room, where the television set and converter box were in plain view. The investigator observed what he believed to be signs of tampering with the converter box, and the police captain seized the box shortly thereafter. Appellant moved to suppress the box, contending that its seizure violated his Fourth Amendment rights. *Held*:

1. The trial court did not err in denying the motion to suppress. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U. S. 234, 236 (88 SC 992, 19 LE2d 1067) (1968). Accord *Peek v. State*, 239 Ga. 422 (2) (238 SE2d 12) (1977); *Giddens v. State*, 156 Ga. App. 258 (1) (274 SE2d 595) (1980). Clearly, the investigator and police captain, accompanied by an assistant fire chief, had a right to enter the fire station, where the converter box was in plain view in a common area.

2. Appellant contends that the trial court erred in allowing into evidence an inculpatory statement which he made to the district attorney's investigator in return for the investigator's alleged promise to "stop all the publicity against the fire and police department and not arrest and prosecute anyone else."

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50 (formerly Code Ann. § 38-411). However, "confessions made under a promise of . . . collateral benefit are not for that reason excludable." *Tyson v. State*, 165 Ga. App. 22, 23 (299 SE2d 69) (1983). See also OCGA § 24-3-51.

The promise at issue in this case clearly pertained to collateral benefits to persons other than the appellant or members of his immediate family. Accordingly, the trial court did not err in ruling the statement to be voluntary and admissible.

3. Appellant contends that the trial court erred in granting a motion to quash a subpoena directed to the cable company for the production of all converter boxes in its possession which had been altered during 1981 and 1982, arguing that the state's attorney could not properly move to quash a subpoena issued to an employee of a corporate victim. We disagree. As a representative of the State of Georgia, a district attorney has both a right and duty to represent the state's interest in criminal prosecutions, and this includes questioning whether a showing of necessity, materiality, or relevancy has been made in support of a subpoena duces tecum. Accord *Mafnas v. State*, 149 Ga. App. 286 (2) (254 SE2d 409) (1979).

Appellant also contends that the trial court erred in refusing to allow him to make an in-camera showing of relevancy as to the subpoena, outside the presence of the district attorney. Appellant cites no authority in support of this contention, and we hold that the trial court did not abuse its discretion in denying this request.

4. Appellant contends that the trial court erred in charging the jury that the essential ingredient of the offense was the intention to avoid payment. This was, of course, a correct statement of law. See *Roberson v. State*, 145 Ga. App. 687, 688 (244 SE2d 629) (1978); *Johnson v. State*, 159 Ga. App. 497, 498 (283 SE2d 711) (1981). See generally OCGA § 16-8-5. However, at the conclusion of the entire charge, appellant objected on the ground that the instruction unduly emphasized one element of the crime, and he requested that the jury be instructed that each element of the indictment is a material or essential allegation. The trial court then recharged the jury that "each fact alleged in the bill of indictment is an essential part of the charge."

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge

contained error." *Williams v. State*, 249 Ga. 822, 825 (295 SE2d 293) (1982). Viewed in its entirety, the jury charge in the instant case was correct, and appellant's objections to it are without merit.

5. Appellant contends that the evidence was insufficient to support the verdict. Several witnesses testified that they observed appellant and another individual open the back of the converter box on the same day that cable service was installed. They further testified that shortly thereafter, additional movie channels which could not originally be received could be viewed clearly. Additionally, in his statement to the district attorney's investigator, the appellant admitted altering the converter box in order to receive other movie channels, with knowledge that only one movie channel had been paid for. This evidence was amply sufficient to enable a rational trier of fact to conclude beyond reasonable doubt that appellant was guilty of the offense of theft of services. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 17, 1984 —
REHEARING DENIED MARCH 2, 1984 —

*Paul S. Weiner*, for appellant.
*Robert E. Keller*, District Attorney, *Albert B. Collier*, Assistant District Attorney, for appellee.