## 67713. JOHNSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of simple battery and sodomy. On appeal he enumerates error in the court's failure to give certain charges or its failure to completely charge the jury on certain legal principles. He also alleges error in allowing a witness to testify whose name was not included in the list of state witnesses.

1. Appellant contends the trial court erred by failing to charge, without request, that confessions must be scanned with care and must be corroborated to warrant a conviction. This contention is without merit, because appellant did not make a confession in the normal sense of that term. Rather, he testified in his own behalf and admitted that he and the alleged victim engaged in consensual sodomy. Thus, he made a statement in judicio, not a confession. " 'A defendant's admission in open court is an admission in judicio, and the fact therein stated may be taken as true without further proof. [Cit.] Such judicial admission is conclusive. [Cit.] In view of the defendant's admission of guilt any alleged errors in the charge must be considered as harmless error.' " *Harris v. State*, 133 Ga. App. 310 (211 SE2d 144) (1974); *Smith v. State*, 150 Ga. App. 498 (258 SE2d 167) (1979).

2. a. Appellant contends that the trial court erred by failing to charge the jury that the presumption of innocence is a substantive

right as opposed to "reasonable doubt," which is a standard of proof, and of the interrelationship between the two.

The trial court instructed the jury fully and properly on the presumption of innocence and reasonable doubt. In regard to the presumption of innocence the court advised the jury that "this presumption remains with him throughout the trial . . . and *entitles* him to an acquittal unless the State overcomes this presumption by . . . evidence which convinces you of his guilt . . . beyond a reasonable doubt." (Emphasis supplied.) Thus, contrary to appellant's contentions, the trial court advised the jury of the relationship between a defendant's right to the presumption of innocence and the State's burden of rebutting that presumption by proof of the defendant's guilt beyond a reasonable doubt. Failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

b. Appellant contends the trial court erred by failing to charge the jury that where two equal theories present themselves, the jury is obligated to accept that theory which is consistent with the defendant's innocence. This requested charge is applicable only in cases dependent solely on circumstantial evidence. *Griffis v. State*, 163 Ga. App. 491, 492 (2) (295 SE2d 197) (1982). The evidence here was almost entirely direct evidence in the form of testimony from the victim and appellant, and thus, the requested charge was not applicable. *Griffis*, supra.

c. Lastly, appellant complains of the trial court's failure to give two of his requested charges relating to the offense of rape. Since appellant was acquitted of that offense any alleged error could not have injured appellant; thus, no reversible error is shown. *Megar v. State*, 144 Ga. App. 564, 567 (1) (241 SE2d 447) (1978). See also *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983).

3. Appellant contends it was error to allow Dr. Ren Halverson to testify, over objection, because his name was not included on the list of witnesses given to appellant prior to trial. At a hearing on the objection the trial court offered appellant a reasonable time to interview Dr. Halverson and get an expert witness of his own, but would not exclude the testimony of Dr. Halverson. Appellant refused those offers and insisted that the only remedy was to exclude Dr. Halverson's testimony. We do not agree with appellant's position.

OCGA § 17-7-110 provides that a defendant in a criminal case shall be provided with a list of witnesses against him, and without the defendant's consent no State witness shall be permitted to testify whose name does not appear on the list. In construing this provision of the Code our Supreme Court held: "The purpose of [OCGA § 17-7-110] was satisfied by the court's offer to provide relief other than ex-

clusion of the witness' testimony. Therefore, the court did not err in permitting the state to call Mr. Pierre." *Simmons v. State*, 249 Ga. 860, 861 (4) (295 SE2d 84) (1982). See also *Murphy v. State*, 158 Ga. App. 278, 279 (3) (279 SE2d 728) (1981). Accordingly, we find no error.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 24, 1984.

*Hylton B. Dupree, Jr., Stephen C. Steele*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy Shoob, Richard E. Hicks, Assistant District Attorneys*, for appellee.