## 40957. FRIAR v. THE STATE.
### (316 SE2d 466)

GREGORY, Justice.

The appellant, Charles Patrick Friar, was tried by a jury in Tift County and convicted of the offenses of murder and armed robbery. He was sentenced to a term of life imprisonment plus twenty years to be served consecutively. He appeals the denial of his motion for a new trial. We affirm.

1. In his first enumeration of error, appellant contends the verdict is contrary to law, contrary to the evidence and strongly against the weight of the evidence.

The evidence presented at trial authorized the jury to find the appellant and the victim, George Kasten, both lived and worked at a labor camp in Morgan City, Louisiana prior to coming to Georgia. During the time the men worked at the camp, Kasten was injured and subsequently received a workers' compensation check for approximately $6,000. Prior to leaving Morgan City on September 27, 1982, Kasten went to a bank and had his check cashed. He was accompanied to the bank by James Cooper who had held the check as security for a loan. Cooper persuaded Kasten to get some of his money in cash and the remainder in travelers checks. Kasten got approximately $2,000 in cash and $4,000 in travelers checks in $100 denominations. Shortly after cashing the check Kasten and appellant left Morgan City for Tifton, Georgia, in appellant's car. At least three witnesses testified appellant indicated to each of them that he intended to "get all of George's money."

The men arrived in Tifton, Georgia late in the evening on September 27, 1982. Appellant registered at the Thunderbird Motel

under the name of James Bonifay and was assigned to room 229. On the morning of September 28, a male telephoned the motel switchboard and requested that the maids be told not to clean up room 229 that day. Later that same day, an employee of the motel went into room 229 to check behind the maid and found the bloody corpse of a white male lying between the two beds. Law enforcement authorities were summoned to the scene. A composite drawing of the man who registered under the name of James Bonifay and a picture of the victim were distributed to the Georgia Criminal Activity Bulletin and the Louisiana State Police. After the murder, appellant stayed in various motels in Tifton forging and cashing some 37 travelers checks belonging to the victim.

In November 1982, Detective Mitch Williams of the Tifton Police Department was contacted by a local merchant who complained about cashing some travelers checks for appellant that appeared to have a signature underneath the signature of appellant. Later that month trooper Bruce Stansbury of the Louisiana State Police called Detective Williams and identified the victim as George Kasten and appellant as a suspect. Known handwriting samples of appellant were compared with the signatures on the cashed travelers checks and found to be made by the same person.

A review of the record in this case in the light most favorable to the verdict shows that a rational fact finder could have found the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no merit in this enumeration of error.

2. In his second enumeration of error appellant contends the trial court erred in admitting into evidence a statement he made to Detective Williams on the ground that appellant's intoxication at the time the statement was given prevented a valid waiver of his Miranda rights.

A Jackson-Denno hearing was held in which Detective Williams testified he and two other officers arrested appellant in the lounge of the Quality Inn. Two officers were dispatched to transport the appellant's car to the police station. The appellant was drinking beer when approached by the arresting officers. He was advised of the charges against him and given his constitutional rights. The appellant acknowledged he understood those rights and was transported to the police station. En route to the station Detective Williams received a call on the radio that the officers were having difficulty steering appellant's car. Upon hearing this, appellant explained to the officers that the power steering on his car was out but it could be safely driven. The appellant had no difficulty walking without assistance and his speech was coherent.

At the police station, appellant was taken to a room for interrogation. When asked whether he was under the influence of any drugs

or alcohol, appellant replied, "Yes, I've been drinking some beer." At this point, Detective Williams decided not to interrogate appellant but told officers to take him to a cell until a later time. On the way out of the room appellant stopped, turned around, and asked Detective Williams what he was being charged with. The officer told him the charge was murder, to which appellant replied "Who am I suppose to have murdered?" The officer then stated, "You're charged with the murder of George Kasten," to which appellant replied, "Murder George Kasten? I don't even know who George Kasten is." It was the admission of this statement appellant objected to at trial.

The trial court ruled that although appellant had been drinking beer prior to making the statement he was not so intoxicated or otherwise incapacitated as to render him incapable of understanding what he said or the circumstances around him. The court noted appellant recalled the circumstances surrounding his arrest and the difficulty with his car. The court ruled appellant's statement was voluntary, spontaneous and not in response to custodial interrogation.

There is evidence to support the trial court's determination. When the trial court has made such a determination after a suppression hearing, it will be accepted unless the decision is clearly erroneous. *Gibbs v. State*, 235 Ga. 480, 483 (220 SE2d 254) (1975). We find no error here.

3. In his next enumeration of error, appellant contends the trial court erred in failing to grant his motion for a mistrial made on the ground his character was improperly placed into evidence. At trial Louisiana State Trooper Bruce Stansbury testified Detective Williams told him during a telephone conversation that he was "investigating a case with Mr. Friar with reference to travelers checks that were believed to be forged. . . ." It is this reference to forged travelers checks which appellant argues improperly placed his character into evidence warranting a mistrial. We disagree.

The appellant was on trial for murder and armed robbery. The taking of travelers checks and cash from the victim were specifically alleged in the indictment. Forgery evidence, being an integral part of the case, was both relevant and material and only incidentally placed appellant's character into evidence. *Daniels v. State*, 252 Ga. 30 (310 SE2d 904) (1984).

4. In his last enumeration of error, appellant contends the trial court erred in failing to give his requested charge with respect to lack of flight. The appellant requested that the court charge the jury that the fact that he did not flee or conceal himself may be considered as evidence of his innocence. The trial court properly refused to give this charge since it is not a correct statement of the law. *Jackson v. State*, 225 Ga. 39 (10)(b) (165 SE2d 711) (1969). Appellant's reliance on *Jesse v. State*, 20 Ga. 156 (6) (1856) is misplaced. Furthermore, the evidence did not support such a charge as there was evidence from

which the jury could find that appellant did attempt to conceal himself after the murder.

We therefore conclude the trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 19, 1984.

*Larry B. Mims, Emerson D. Henderson,* for appellant.
Charles Patrick Friar, *pro se.*
*Thomas H. Pittman, District Attorney, David E. Perry, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.