### 69928. STRICKLAND v. THE STATE.
(333 SE2d 140)

BENHAM, Judge.

Lonnie Strickland appeals his conviction for armed robbery, enumerating as error (1) the admission of fruits from an alleged illegal search and seizure and (2) the admission of photostatic copies of currency rather than the currency itself. We affirm.

The operative facts are as follows. On November 6, 1983, the night-shift manager of Davis Brothers Cafeteria was robbed at gunpoint while making a night deposit at a local bank. His wife, who was waiting in the car, witnessed the entire incident. Immediately after the report of the crime, which included a detailed description of the perpetrators and the weapon used, a .44 or .357 magnum pistol, law enforcement officers, acting on a tip as to the identity of the culprits, exhibited a high school annual containing appellant's picture to the manager and his wife. The exhibition was made in a non-suggestive manner and the witnesses positively identified appellant. A warrant

was obtained for his arrest and within a matter of hours from the actual robbery, officers arrived at an apartment occupied by appellant but leased by his girl friend. Appellant was immediately placed under arrest and, hearing sounds coming from upstairs, the officers ventured upstairs to a bedroom and discovered money on the bed and a holster on a shelf. Returning downstairs to the kitchen, the officers discovered a bank deposit slip, later identified as having come from the robbery, lying in plain view. Shortly thereafter, while the officers still remained on the premises, the girl friend gave officers a .357 magnum pistol fitting the description of the one used in the robbery.

1. Appellant's first enumeration of error focuses on the propriety of the search. The facts of the case clearly show that the search was justified for a host of reasons. The officers were specifically authorized under OCGA § 17-5-1 to conduct a search incident to a lawful arrest (1) to protect themselves; (2) to prevent escape; (3) to discover fruits of the crime; and (4) to discover instruments used in the commission of the crime. In addition, this court in *Lentile v. State*, 136 Ga. App. 611 (222 SE2d 86) (1975), has authorized the searching of an entire house to discover occupants and preserve evidence. Finally, " '[a] police officer is free to use and seize what he sees in plain sight if he is at a place where he is entitled to be.' " *Green v. State*, 127 Ga. App. 713, 715 (194 SE2d 678) (1972). Hence, appellant's first enumeration of error is barren.

2. In his second enumeration, appellant objects to the admission of photostatic copies of the currency rather than the currency itself. While appellant contends that the currency did not come from the robbery, a contention hotly disputed by an accomplice who testified against him, appellant does not challenge the authenticity of the exhibit. His objection is based on a violation of the best evidence rule. OCGA § 24-5-4 (a). Reliance on this rule is misplaced since it deals with writings sought to be proven. Whether or not this currency came from the robbery is a collateral issue. " 'Where a matter is collateral to the real issues, and it comes in question, and proof of it is admissible, it may be shown by parol evidence, and need not be established by documentary evidence.' [Cits.]" *Roberts v. State*, 86 Ga. App. 768, 769-770 (72 SE2d 551) (1952). The real objection, if any, should have been based on authenticity, i.e., whether the photostatic copies truly and accurately showed what they purported to show — currency. No challenge having been made on this ground, appellant's enumeration necessarily must fail.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 24, 1985.

*Jacquelyn H. Wilkes*, for appellant.

*Timothy G. Madison*, District Attorney, *T. David Motes*, Assistant District Attorney, for appellee.