## 70801. WEAVER v. THE STATE.
### (337 SE2d 420)

BEASLEY, Judge.
The defendant appeals his conviction after a bench trial of all six counts of an indictment. He was incarcerated at the Georgia State Prison and the indictment related to two incidents there. The first involved an altercation with a prison guard on February 25, 1983, and is the subject of three counts of the indictment, each involving mutiny in a penal institution. The second occurred on July 7, 1983, and resulted in the remaining counts of the indictment for aggravated assault, mutiny and unauthorized possession of a weapon by an inmate.

The February 25 incident took place when the defendant refused to return to his cell on the hospital floor. During the struggle with several correctional officers the defendant bit one (count four) and kicked two others (counts five and six). The July 7 attack began after defendant refused to permit a correctional officer to remove handcuffs. According to the officer defendant removed a "knife" from his bunk (count three), charged the officer and stabbed him three times

(count one). A guard who came to the rescue was bitten (count two).

1. (a) The defendant contends that the knife introduced by the state was illegally admitted since it was not established to be the one allegedly used by him in the first count of aggravated assault. Defendant was in area 173 at the time. The knife introduced had "MI" scratched on it. Defendant contends that this was a knife taken from him while he was in cell block MI and not the weapon used in the assault on the guard.

Although the state failed to establish a chain of custody, the guard who was stabbed positively identified the weapon. "Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission." *Marsh v. State*, 151 Ga. App. 637, 638 (2) (260 SE2d 761) (1979). Accord *Starks v. State*, 113 Ga. App. 780 (1) (149 SE2d 841) (1966); *Norwood v. State*, 238 Ga. 199 (2) (232 SE2d 70) (1977); *Harper v. State*, 251 Ga. 183, 185 (1) (304 SE2d 693) (1983).

It was not error to admit the knife into evidence. *Rutledge v. State*, 152 Ga. App. 755, 759 (4) (264 SE2d 244) (1979); *Harper v. State*, 251 Ga. 183, 185, supra.

(b) The evidence was sufficient for a rational trier of fact to find proof of defendant's guilt of aggravated assault beyond a reasonable doubt.

2. Regarding the four counts of prison mutiny (counts 2, 4, 5 and 6), defendant urges there was "no serious bodily injury" evidenced, as required by our code.

Defendant misconstrues the code. OCGA § 16-10-54 provides: "A person in the lawful custody of any penal institution who assails, opposes, or resists an officer of the law or of such penal institution or a member of the guard with intent to cause serious bodily injury commits the offense of mutiny . . ." The evidence, construed in favor of the prosecution, was sufficient to establish beyond a reasonable doubt that defendant intended to cause serious bodily injury to the guards whom he kicked and bit.

3. Defendant contends he could not be convicted of unauthorized possession of a weapon by an inmate because this charge was a lesser included offense of aggravated assault.

OCGA § 16-1-6 provides two alternative tests as to whether one offense is included in another: if the lesser crime "(1) . . . is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) . . . differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission." Category one covers included crimes as a matter of fact while category two sets the rules for determining included crimes as a

matter of law. *Stephens v. Hopper*, 241 Ga. 596, 599 (1) (247 SE2d 92) (1978).

OCGA § 42-5-63 provides a penalty for one incarcerated in a penal institution who "without authorization of the appropriate authorities, possesses or carries upon his person or has under his control" an instrument or weapon enumerated. Since lack of authorization to possess a weapon is not an element of aggravated assault, the charge of violation of OCGA § 42-5-63 is not a lesser included offense of aggravated assault in this case.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1985.

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney*, for appellee.