JESSE TOLLESON, plaintiff in error, *vs.* PINCKNEY C. POSEY, defendant in error.

1. In an action for slander, the plaintiff read in evidence the depositions of a witness to prove the speaking of the slanderous words. The defendant then offered the depositions of the same witness, taken out by him, to prove, that subsequent to the speaking of the defamatory words, the plaintiff had made an unsuccessful effort to induce the witness to swear falsely in the case: *Held,* That upon ojections made to the latter depositions, the Court ought to have excluded them.

2. The books of the Receiver of Tax Returns are admissible as evidence, in an action on the case for slanderous words, for the purpose of showing the amount and value of the property admitted by the defendant to be his.

3. Bills of indictment preferred by the defendant as prosecutor, against the plaintiff, and ignored by the grand jury, are admissible as evidence, in an action of slander, to show malice on the part of the defendant.

4. A charge to the jury, predicated on testimony which should have been excluded, is erroneous.

Action on the case for words, in Carroll Superior Court. Tried before Judge D. F. HAMMOND, at the October Term, 1860.

This was an action brought by Jesse Tolleson against

Pinckney C. Posey, to recover damages for slanderous words spoken by defendant, of and concerning the plaintiff, charging him with having stolen the shucks, fodder, and hogs of the defendant. The words are alleged to have been published on the 15th of October, 1857, and at other times before the suit was brought.

On the trial, the plaintiff proved the speaking of the words charged, by several witnesses, to-wit: Fanny Jones, and Amanda Posey, and Martha E. Sexton.

The plaintiff then offered in evidence the tax books to show the relative wealth of the parties, but the Court excluded the testimony, and plaintiff excepted.

The plaintiff also offered in evidence, two bills of indictment, preferred by defendant as prosecutor, against the plaintiff, one for perjury and one for assault and battery, both of which were ignored by the grand jury of said county of Carroll, but the Court rejected the testimony, and plaintiff excepted.

The plaintiff then rested his case.

The defendant offered in evidence the depositions of Fanny Jones, taken out by him, to prove that plaintiff tried to get her to swear falsely in the case, telling her that if she would swear that she heard the defendant say that plaintiff had stolen a yellow barrow hog, corn, fodder, shucks, watermelons, peaches, and apples, that she should lead a lady's life. The witness states, in the same depositions, that the effort to bribe her was not successful, and that her testimony in behalf of the plaintiff was the truth and nothing but the truth.

The defendant introduced several witnesses to impeach the testimony of Martha E. Sexton and Amanda Posey, on the ground of general bad character, and the plaintiff likewise introduced several witnesses to support the testimony of Martha E. Sexton.

The Court charged the jury, amongst other things, that "the plaintiff's conduct, since the speaking of the defamatory words, in the management of his case, might be such as to justify a diminution of the damages, but that no diminution of his standing since the speaking of the words, from other

Tolleson *vs.* Posey.

circumstances, could be taken into consideration by them, and the true criterion was, the plaintiff's character when slandered."

The Court also charged the jury, " that they had a right to scrutinize the plaintiff's whole conduct, as disclosed by the testimony of Fanny Jones, as well as all the circumstances of the case, for the purpose of ascertaining what amount of improper influence plaintiff had exerted over the witness, and otherwise, in the preparation of his case, for the purpose of ascertaining the true *status* of the case, and to enable them to ascertain what amount of damages the plaintiff ought to recover."

The jury returned a verdict in favor of the plaintiff for one dollar, and his counsel moved for a new trial, on the grounds :

1st. That the Court erred in admitting the depositions of Fanny Jones, taken out, and offered in evidence by the defendant.

2d. That the Court erred in rejecting the tax-books offered in evidence by plaintiff.

3d. That the Court erred in excluding the bills of indictment tendered in evidence by the plaintiff.

4th. That the Court erred in charging the jury as hereinbefore set forth.

The motion for new trial was overruled, and that decision is alleged to be erroneous.

W. W. & H. F. MERRELL, for plaintiff in error.

BURKE & BLACK, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

Error is assigned, in this case, upon the ruling of the Court, admitting the evidence of Fanny Jones, offered by the defendant. This was one of the witnesses by whom plaintiff proved the speaking of the slanderous words. The defendant subsequently examined her to prove that plaintiff had attempted to bribe her as a witness in the case. She proved

Tolleson *vs.* Posey.

the attempt, but avers that she did not yield to the temptation, but on the contrary, that she, as plaintiff's witness, had sworn to the truth, the whole truth, and nothing but the truth. Objection being made, the Court admitted the evidence. Our judgment is, that the evidence should have been excluded. It does not go to impeach her previous testimony, but to sustain it. It was not competent to mitigate damages for two reasons: 1. The conduct of the plaintiff, which it discloses, as indicating want of integrity on his part, was subsequent to the alleged defamation, and his character as it was before, and at the time of the speaking of the words, and not as affected by subsequent acts, is the true subject of inquiry. 2. The good character set up by plaintiff cannot be assailed by proof of particular acts inconsistent therewith. The defendant, on this point, is confined to general bad character. Richardson vs. Roberts, 23 Ga. R., 215.

Error is further assigned against the rejection, by the Court, of the tax-books, to show the quality and value of property admitted by the defendant to be his. This evidence was offered to aid the jury in fixing the measure of damages. Juries are authorized in such cases to give smart money, or, in other words, to make the verdict somewhat positive. What a poor man would feel as smart money, one of very large means would not. We think, in assessing damages for an ascertained wrong, it is admissible for the jury to look to the defendant's circumstances; if so, then it is proper that they should have evidence of the extent of his wealth, and there can be no more reliable evidence to show a given amount of wealth than his own verified statement given as the measure of liability for taxation. It is complained that the Court erred in rejecting certain bills of indictment preferred by defendant against plaintiff, and ignored by the grand jury, when offered in evidence by plaintiff. This was competent evidence, not to enhance the damages, but to show malice. It has often been ruled, that for this purpose, acts done, or words spoken, other than those which are the gravamen of the suit pending, are competent, though it has been said that the Court should charge the jury not to increase the damages

by reason of such other words spoken, or acts done.  These are only evidence of the *quo animo*.  Rustell vs. McQuister, 1 Camp. 49, n.  McLeod vs. Wakely, 3 Car. & P., 311. Adkins vs. Williams, 23 Ga. R., 222.

It is lastly assigned as error, that the Court charged the jury, at defendant's request, that they had the right to scrutinize the plaintiff's whole conduct, as disclosed by Fanny Jones, in her depositions taken by defendant for the purpose of determining to what amount of damages the plaintiff was entitled.  Having already ruled that this evidence was improperly admitted, we have no hesitation in holding that this charge of the Court was erroneous.  According to the rules of law governing this action, an illegal or immoral act, done by the plaintiff, is no sufficient cause for mitigation of damages for any injury previously done him by the defendant.

The verdict of the jury affirms that the injury complained of was done to the plaintiff by the defendant.  They do not sustain his plea of not guilty, and it may be that the very small damages they found were assessed under this and other erroneous rulings of the Court.  We think, therefore, the judgment of the Court below, refusing a new trial, should be reversed, and the cause re-tried.

Let the judgment be reversed.