## 61059. ABRAMS v. THE STATE.

DEEN, Presiding Judge.

Walter Abrams, Jr., brings this appeal following his conviction of aggravated assault.

1. Appellant first contends that the trial court erred in failing to charge that portion of Code Ann. § 38-1806 which provides: ". . . if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely unless corroborated by circumstances or other unimpeached evidence."

For a trial court to have a duty to charge this provision, ". . . it must manifestly appear not only that the witness has on another occasion sworn falsely to a material matter but he has done so wilfully and knowingly. [Cit.]" *Henderson v. State,* 146 Ga. App. 114, 115 (245 SE2d 437) (1978). See also *Moore v. State,* 146 Ga. App. 457 (246 SE2d 353) (1978); *Eberhart v. State,* 121 Ga. App. 663 (175 SE2d 73) (1970). " 'The rule does not extend to situations where it is shown to be reasonably possible that the discrepancy was occasioned by

"mistake or the failure of memory." ' [Cit.]" *Douglas v. Herringdine,* 117 Ga. App. 72, 76 (159 SE2d 711) (1967). At the preliminary hearing, Abrams' father testified that he did not recognize the man who walked into the store where the victim was shot. After the hearing, a police officer who apparently was surprised by the testimony at the preliminary hearing because the witness had stated that his son was present at the scene of the crime shortly after the shooting, obtained an unsworn tape recorded statement that the witness saw his son come into the store and that after leaving the store he heard shots and saw his son run out of the store. At trial, the witness denied knowing the man who came into the store and denied seeing his son run from the store. However, he admitted making a statement, but denied implicating his son. The recorded statement was played for the jury and showed that the witness clearly identified his son as being both present in the store and later running from it.

As the statement to the police was unsworn and the defendant denied that he was lying both on direct and cross-examination, the trial court did not err in failing to charge the jury that it must disregard the testimony of a witness who knowingly and wilfully swears falsely. Clearly, the recorded statement was introduced for impeachment purposes. As the credibility of the witness was placed in issue, the trial court correctly charged the jury that it was the judge of the credibility of witnesses. See *Eberhart v. State,* supra. Allowing Abrams, Sr.'s testimony to go to the jury with this instruction benefited the defendant because the witness' testimony was entirely favorable to him. The defendant must show harm as well as error to authorize this court to reverse the jury verdict. *Williamson v. State,* 142 Ga. App. 177 (235 SE2d 643) (1977). Although appellant does not discuss the testimony of other witnesses, it is also interesting to note that the defendant's two alibi witnesses both admitted that they lied under oath. Ellison admitted that he lied when he stated that he had forgotten what he sent Abrams out to his car to retrieve and Harding admitted that she had lied about the defendant's whereabouts at or near the time of the offense. The charge that appellant claims should have been given would have resulted in the testimony of these witnesses being disregarded. Thus, the charge as given was entirely favorable to appellant and this enumeration is without merit.

2. Appellant also asserts the general grounds. We have examined the entire transcript and find that the victim's wife who was an eyewitness to the shooting positively identified the defendant as her husband's assailant. Thus, a rational trier of fact could have found that the defendant was guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 28, 1981 —
REHEARING DENIED FEBRUARY 20, 1981.

*Archie L. Gleason, George W. Fryhofer,* for appellant.
*Richard E. Allen, District Attorney, W. Leon Barfield, Assistant District Attorney,* for appellee.