## 66148. MAULDIN v. THE STATE.

POPE, Judge.

Marshall John Mauldin appeals his conviction of kidnapping, rape, aggravated sodomy, aggravated assault and robbery by intimidation. See also *Golden v. State,* 163 Ga. App. 629 (295 SE2d 144) (1982). *Held:*

1. The evidence showed that on June 18, 1980 at about 5:00 p.m. the victim was standing at a bus stop on Covington Highway waiting to catch a MARTA bus. While she was waiting, two men, the appellant and his co-defendant, drove by and asked the victim if she needed a ride. She accepted the ride and asked to be taken to the Avondale Station thinking she could catch a bus quicker there since more buses pass through the Avondale Station. However, rather than taking the victim to the Avondale Station as she requested, the appellant and the co-defendant proceeded to make a couple of stops, one at a house to pick up a hat (which the victim positively identified at trial) and one at a liquor store to pick up a six-pack of beer. After leaving the liquor store they proceeded to get on I-285, and at this time the victim asked the appellant if he would please take her to the MARTA station. The appellant responded, "Don't bother me, leave me alone." The victim then attempted to open the car door and jump out, but was not successful. Appellant picked up a wooden stick and hit the victim in the mouth breaking off several of her teeth and cutting her lip and gums. Appellant began to threaten the victim's life, telling her they had a sawed-off shotgun under the back seat of the car. The appellant and the co-defendant then drove the victim to a secluded area, ordered her to take off all her clothes and proceeded to rape and sodomize her simultaneously in the front seat of the car. The victim was subsequently told to put her clothes back on, and in the meantime appellant and the co-defendant continued to threaten her life by telling her they had killed other people before. Appellant also took the victim's purse and her money, although he did allow her to keep her checkbook and her driver's license. Finally, they left the

secluded area and dropped the victim off on Moore Road where a young girl on a bicycle responded to her call for help. The police were called and with the help of the victim they were able to locate the scene of the crime. At the scene a bloody rag was found which the victim positively identified at trial as the rag which was used to wipe blood from her mouth. The victim was taken to a hospital emergency room where a pelvic examination disclosed the presence of motile sperm. Her medical records also indicated that she was emotionally distraught. Appellant was identified by the victim as one of her attackers from a group of photographs shown to her by the police. Appellant was also positively identified by the victim at trial. We consider this evidence more than sufficient to enable any rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. Accord, *Jones v. State,* 161 Ga. App. 620 (1) (288 SE2d 795) (1982); *McCoy v. State,* 161 Ga. App. 97 (289 SE2d 301) (1982). As a result, appellant's complaint of lack of sufficient evidence to support the verdict is totally without merit.

2. Appellant contends that the trial court erred in denying his motion for continuance and that the denial resulted in his being deprived of his constitutional right to effective counsel. A motion for continuance is left to the discretion of the trial court and absent a showing of abuse that discretion will not be controlled. *Hill v. State,* 161 Ga. App. 346 (1) (287 SE2d 779) (1982); *Crow v. State,* 86 Ga. App. 11 (1) (70 SE2d 601) (1952). Furthermore, there is no set rule as to the number of days allowed counsel for the preparation of a criminal case. *Hill v. State,* supra; see *Smith v. State,* 198 Ga. 849, 852 (33 SE2d 338) (1945).

In the case at hand appellant's counsel had two full weeks to prepare for the trial. In addition, counsel's predecessor at the Public Defender's Office had previously filed a Brady motion, a motion to sever and a motion for discovery of any statement given by appellant and for any written scientific reports. Even though there were five counts involved in this case, they were interrelated, all occurring to the same victim, and not of great complexity. Thus, we find no abuse of the trial court's discretion in denying this motion for continuance.

3. Appellant alleges for the first time in this appeal that the prosecutor's closing argument constituted an improper and illegal comment upon appellant's failure to testify. However, because this issue was not considered by the trial court, we are without authority to review it now. *Sherrod v. State,* 157 Ga. App. 351 (1) (277 SE2d 335) (1981).

4. Appellant cites as error the trial court's failure to charge the jury that the appellant's failure to take the stand should not impute any guilt to him. However, "[i]n the absence of an appropriate timely

written request, it is not error for the trial court to fail to charge that the defendant's failure to testify in [his] own favor shall not create a presumption against [him]." *Lay v. State,* 242 Ga. 225, 227 (248 SE2d 611) (1978). Because appellant made no timely written request, the trial court did not err in not giving this charge.

5. Appellant contends that the trial court erred in failing to charge OCGA § 24-9-85 (b) (Code Ann. § 38-1806) which provides that if a witness shall wilfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence. However, before this section may be charged "it must appear, among other things, that the witness admits, on the trial, that he wilfully and knowingly swore falsely, or the testimony must be such as to render the purpose to falsify manifest." *Smith v. State,* 74 Ga. App. 777 (2) (41 SE2d 541) (1947); *Hill v. State,* 159 Ga. App. 489 (2) (283 SE2d 703) (1981). "The rule does not extend to situations where it is shown to be reasonably possible that the discrepancy was occasioned by 'mistake or the failure of memory.' " *Smaha v. George,* 195 Ga. 412, 418 (24 SE2d 385) (1943); *Abrams v. State,* 157 Ga. App. 609 (1) (278 SE2d 37) (1981).

The pertinent testimony involved the number of telephone calls and interviews the victim had had with a sergeant at the police department. There was a discrepancy between the number reported by the sergeant at a preliminary hearing and the number he reported at trial, as well as the number reported by the victim. However, the testimony does not reveal that either party wilfully and knowingly swore falsely. Furthermore, the discrepancy appears to have been caused by mistake or failure of memory due to the lapse of time. Therefore, it follows that the trial court did not err in refusing to charge the requested provision of OCGA § 24-9-85 (Code Ann. § 38-1806).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 8, 1983.

*Murphy C. Miller,* for appellant.
*Robert E. Wilson, District Attorney, Robert E. Statham III, Assistant District Attorney,* for appellee.