## A92A0430. TAHAMTAN v. TAHAMTAN et al.
### (420 SE2d 363)

COOPER, Judge.

In 1987, appellant and his wife (hereinafter "appellee") entered into a settlement agreement pursuant to their divorce to resolve all issues of property division and child custody. Following the divorce, and continuing for several years thereafter, appellant engaged in a course of harassing and threatening conduct toward appellee and her business, which included physically abusing appellee and destroying items in her home with a sledge hammer. As a result of appellant's continuing behavior, appellee entered into an agreement to transfer certain property owned by her and her corporation to appellant. Appellant brought a pro se action against appellee and her corporation for breach of that agreement. Appellee counterclaimed for damages, alleging physical and mental abuse, false imprisonment and the theft of several valuable rugs from her home by appellant. Appellant represented himself at trial, which resulted in a directed verdict in favor of the corporation, and a jury verdict in favor of appellee on the main claim and the counterclaim. The jury awarded appellee $250,000 in

damages plus $30,000 in costs of litigation. Appellant appeals from the judgment entered on the jury verdict and the denial of his motion for new trial.

1. Appellant contends in his first enumeration of error that the trial court erred in allowing appellee's expert to testify that the value of the rugs taken by appellant was in excess of the amount stated in the pre-trial order. Appellee's expert testified at trial as to the value of those rugs when he appraised them in October 1988 and stated further that, assuming the rugs remained in good condition, they would appreciate by five percent annually. Appellee testified that the rugs were in excellent condition when they were taken by appellant. Although the testimony of the expert together with the testimony of appellee allowed the jury to consider the value of the rugs to be in excess of the value stated in the pre-trial order, appellant did not object to any of the testimony. "A pre-trial order, 'when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice.' OCGA § 9-11-16 (b). Thus, an issue that is clearly outside the scope of a pre-trial order is generally not a viable issue in the trial of the case. [Cit.]" *Ackley v. Strickland*, 173 Ga. App. 784, 786 (328 SE2d 549) (1985). However, the fact that appellee did include the appreciated value of the rugs in the pre-trial order is not controlling since evidence was introduced on the issue without objection, appellant expressed no surprise and the issue was fully litigated. See *Mansell v. Benson Chevrolet Co.*, 165 Ga. App. 568 (3) (302 SE2d 114) (1983). Accordingly, we find no error with the admission of the expert's testimony regarding the value of the rugs.

2. In his second enumeration of error, appellant contends that the trial court erred in failing to instruct the jury that they could not find the value of the rugs to be an amount higher than the amount stated in the pre-trial order. For the reasons stated in Division 1, we find this enumeration of error to be without merit.

3. Appellant next contends that the trial court erred in entering a judgment for attorney fees. The verdict form returned by the jury reflected the following: "We, the Jury, find for [appellee] in the amount of $250,000 plus $30,000 costs of litigation." The final judgment entered on the jury verdict awards appellee $250,000 plus $30,000 attorney fees and costs of litigation. Appellant argues that it is impossible to determine from the verdict form what amount was awarded for attorney fees and what amount was awarded for costs of litigation. Appellee's attorney testified that the total amount of attorney fees incurred from his prosecution of the counterclaim was $33,510. The trial court instructed the jury that as to the counterclaim, they were authorized to award appellee attorney fees or other expenses of litigation if it found that appellant had acted in bad faith. The verdict form submitted to the jury had a blank for the jury to

write in the amount of the judgment and a blank for the jury to specify an award for costs of litigation. There was no blank which specifically referred to attorney fees. "The judgment is to be fashioned to conform to the intendment of the jury as it appears from the record. [Cit.]" *Osburn v. Harbison*, 175 Ga. App. 397, 399 (333 SE2d 429) (1985). "In determining whether a judgment conforms to the verdict, the judgment must be construed with reference to the pleadings and the evidence. [Cits.]" *Taylor v. Taylor*, 212 Ga. 637 (1) (94 SE2d 744) (1956). Considering the extensive testimony by appellee's attorney regarding his fees, the court's instructions to the jury regarding attorney fees and the amount of the verdict for costs of litigation, which is very close to the amount testified to by appellee's attorney as his fees, we find that the judgment entered by the court conforms to the verdict returned by the jury.

4. In his fourth enumeration of error, appellant contends that the trial court erred in admitting hearsay testimony. Appellant first argues that appellee was allowed to testify over objection as to statements made by some of her former employees about appellant's violent behavior being the reason for leaving appellee's employ. One of those former employees testified that she terminated her employment with appellee because of threats, harassment and violent displays by appellant. "The admission of evidence over objection, even if erroneous, is not reversible error where substantially the same evidence is admitted without objection. [Cit.]" *Doster v. Central of Ga. R. Co.*, 177 Ga. App. 393, 398 (5) (339 SE2d 619) (1985). Similarly, we find no merit to appellant's argument that one of appellee's witnesses should not have been allowed to testify about an occasion, related to him by appellee, during which appellant destroyed property in appellee's house and made threats against appellee. The transcript reveals that appellee testified about that occasion and gave substantially the same description of the occasion as that related by her witness. Accordingly, we find no error. *Doster*, supra.

5. In his fifth enumeration of error, appellant contends that the trial court erred in allowing a witness to testify as to the ultimate issue in the case. The following colloquy occurred during the trial:

"[APPELLEE'S COUNSEL]: Mr. Krell, in your opinion, based on your knowledge as an attorney, do you believe that Mr. Tahamtan has continually harassed (sic.) and threatened Ms. [Tahamtan]?

"A: Yes sir.

"THE COURT: I don't think that's appropriate so I'll not let him answer that."

Appellant failed to object before the witness answered the question; nor did appellant request that the jury be instructed to disregard the witness' answer. Accordingly, this issue has not been preserved for appeal. See *Americani v. Sidky*, 199 Ga. App. 823 (1) (406

SE2d 259) (1991).

6. Appellant argues that the trial court erred in admitting evidence of his worldly circumstances. OCGA § 51-12-6 provides that "[i]n a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages . . . shall not be awarded." "Under OCGA § 51-12-6, evidence of worldly circumstances is admissible only where a party seeks damages only for injury to peace, happiness or feelings. . . . [Cit.]" *Collins v. State Farm &c. Ins. Co.,* 197 Ga. App. 309, 310 (4) (398 SE2d 207) (1990). Appellee's counsel informed the court that with the exception of Count 4 of the counterclaim concerning the unlawful taking of the rugs, he was seeking damages only under OCGA § 51-12-6 for injuries to appellee's peace, happiness and feelings. Appellee's counsel stated that with respect to Count 4, he was seeking actual and punitive damages. The trial judge ruled that he was bifurcating the trial, and that during the first phase, the jury could determine what amount, if any, appellee was entitled to recover on Count 4 of her counterclaim and indicate whether she was entitled to recover punitive damages. If the jury returned a verdict for appellee on the issue of punitive damages, a second hearing would be held to determine the amount of punitive damages. The trial judge admitted the worldly circumstances evidence as to appellee's claim under OCGA § 51-12-6 but informed the parties that if the jury determined that appellee was entitled to recover punitive damages, he would instruct them that the worldly circumstances evidence could not be considered. In light of the jury's verdict that appellee was not entitled to recover punitive damages, we find no error in the admission of the worldly circumstances evidence.

Appellant also contends that the trial court erred in its charge to the jury on OCGA §§ 51-12-5 and 51-12-6. The record reveals that no objection was made to the charge. "Failure to object to the trial court's instruction to the jury before the jury returns its verdict constitutes a waiver of the right to raise the issue on appeal, [cits.], and we find no substantial error which would require our review under the exception set forth in OCGA § 5-5-24 (c). [Cit.]" *Sanders v. Hughes,* 183 Ga. App. 601, 603 (2) (359 SE2d 396) (1987).

7. In his final enumeration of error, appellant contends that the trial court erred in denying his motion for new trial based on the evidence. " 'The denial of (a motion) for new trial on the ground that the verdict is contrary to the evidence addresses itself only to the discretion of the trial judge. [Cits.]' [Cit.] It is of no consequence on review of the denial of a motion for new trial based on the sufficiency of the evidence that the evidence adduced at trial would have authorized a verdict for either party. [Cit.] A reviewing court must view the evi-

dence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence. [Cits.]" *Clark v. United Ins. Co. of America,* 199 Ga. App. 1 (1) (404 SE2d 149) (1991). Based on our review of the evidence, we conclude that the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992.

*Ralph J. Hunstein,* for appellant.
*Stern & Edlin, George S. Stern, Susan A. Hurst,* for appellees.