A97A1900. WOZNIUK v. KITCHIN.
(494 SE2d 247)

BLACKBURN, Judge.

William Wozniuk went to a hospital emergency room complaining of stomach pain. He was examined by Houston W. Kitchin, M.D., who diagnosed his condition as viral gastroenteritis and sent him home. The next evening, Wozniuk returned to the emergency room with stomach pain and was diagnosed by another physician as having acute appendicitis. An emergency appendectomy was performed to remove Wozniuk's ruptured appendix. Wozniuk sued Kitchin for medical malpractice, alleging that he negligently misdiagnosed Wozniuk's condition. The jury returned a verdict in favor of Kitchin, and Wozniuk appeals, asserting numerous errors. For the reasons set forth below, we affirm.

1. Wozniuk contends the court erred in failing to charge the jury as requested that "if a witness shall swear willfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or unimpeached evidence." See OCGA § 24-9-85. "For a trial court to have a duty to charge this provision, it must manifestly appear not only that the witness has on another occasion sworn falsely to a material matter but he has done so wilfully and knowingly. The rule does not extend to situations where it is shown to be reasonably possible that the discrepancy was occasioned by mistake or the failure of memory." (Citations and punctuation omitted.) *Abrams v. State*, 157 Ga. App. 609, 610 (1) (278 SE2d 37) (1981); see also *Smaha v. George*, 195 Ga. 412, 418 (24 SE2d 385) (1943).

Wozniuk contends that the charge was required because of Kitchin's testimony regarding whether he palpated Wozniuk's abdomen during his examination. At trial, Kitchin testified that he did palpate Wozniuk's abdomen. Wozniuk's attorney then attempted to impeach Kitchin by asking about his earlier deposition testimony. In the deposition, in response to a question about the relevance of another witness, Tina Alexander, Kitchin appeared to indicate that he had not palpated Wozniuk's abdomen.[1] However, after his attorney objected at the deposition that Kitchin had misunderstood the question, Kitchin immediately testified that he did in fact palpate the abdomen. At trial, Kitchin testified that he had misunderstood the attorney's original question in the deposition. He further testified that he had told the witness, Tina Alexander, that he had been sued for allegedly not palpating the abdomen, and that he was referring to this conversation in his deposition.

Viewed in context, it appears that Kitchin's deposition testimony related to why the other witness was relevant (i.e., because of the allegation that Kitchin had not palpated the abdomen), and was not a statement that Kitchin did not in fact palpate the abdomen. This is the only reasonable construction of his deposition testimony, since Kitchin immediately thereafter, in response to a direct and unambiguous question, stated that he did palpate the abdomen. Accordingly, we cannot say that the trial court erred in concluding that it did not "manifestly" appear that Kitchin wilfully and knowingly swore falsely at the trial. Although Wozniuk states that this is a matter for the jury to decide, it is clear that a threshold determination on this issue must be made by the trial court, since the court does not have a duty to charge the statute unless it manifestly appears that the witness had wilfully and knowingly sworn falsely. See *Abrams*, supra; *Smaha*, supra. Thus, the trial court did not err in failing to charge the statute.

2. In his second enumeration of error, Wozniuk contends that the court erred in failing to give 11 separate jury charges requested by Wozniuk. As an initial matter, we note that this enumeration violates OCGA § 5-6-40 by including 11 separate assertions of error

---

[1] The trial testimony regarding the deposition was as follows: "Q. If you would, Dr. Kitchin, go to page 40 at page 24 [sic]. And we were talking about Tina Alexander, and I said to you the reason I asked you about her is because you listed her as one of the people that you had spoken to about the case. I believe that's where you — and then you said Tina Alexander is the one that was on this case. Do you remember this? And then you said no, I remember what I asked her. I mean I told her about it, and then I said okay. And you said it was because I didn't — boils down to I didn't check Mr. Wozniuk's abdomen, and then I said you did not do that. And then your — you said — and read it from line 11 of your deposition, Dr. Kitchin, what you said when I said you did not do that. A. I said no, sir, but right now I'm not sure that I understood then what you mean when you said you did not do that."

within a single enumeration. See *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (c) (397 SE2d 567) (1990). Wozniuk does not separately discuss each of the requested charges or show how he was harmed by the failure to give any such charge. Rather, after quoting the requested charges, he merely states conclusorily that "[t]he refusal of the trial court to give even one of the non-pattern requests to charge submitted by appellants left the jury instructions heavily weighted in favor of appellee, thereby virtually compelling the jury to return a verdict in favor of appellee."

"[H]arm as well as error must be shown to warrant reversal," *CSX Transp. v. Barnett*, 199 Ga. App. 611, 612 (1) (405 SE2d 506) (1991), and Wozniuk's conclusory statement, not tied to any particular charge, does not satisfy his burden of showing harm. See *Whitby v. Maloy*, 150 Ga. App. 575, 576 (2) (258 SE2d 181) (1979) ("burden of showing harm, as well as error, rests upon the appellant"). Contrary to Wozniuk's assertion, a review of the charges given does not show that they were one-sided or compelled a verdict for the defendant. As Wozniuk has not shown how he was harmed by the failure to give any of the requested charges, this enumeration is without merit.

3. Wozniuk contends that the court's charge conference was a "sham" and did not comply with the letter or spirit of OCGA § 5-5-24 (b). This statute provides that "any party may present to the court written requests that it instruct the jury on the law as set forth therein. . . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury but shall instruct the jury after the arguments are completed."

The record reflects that the parties presented written requests to charge to the judge at the beginning of trial. The court then prepared its proposed charges and submitted them to the attorneys the day before the evidence closed. After the close of evidence, the court asked the attorneys whether there were any "glaring omissions from the charge I gave y'all last night to look at." Wozniuk's attorney made several comments about charges he had requested, and the court then stated that he would have the opportunity to object after the charge was given.

Wozniuk contends that the charge conference was a "sham" because the judge had already prepared his charge and because he failed to give any of Wozniuk's requested non-pattern charges. However, OCGA § 5-5-24 (b) does not require a judge to accede to a party's requested charges, but merely requires the judge to inform the parties as to his action on the requests prior to closing arguments, so as to allow the parties to argue their cases intelligently to the jury. See *Daniels v. State*, 137 Ga. App. 371, 374 (224 SE2d 60) (1976). In this case, the judge did precisely that, even providing the parties with a written copy of his charge. If a party disagrees with the substance of

the court's charge, his remedy is to except to the charge and to demonstrate on appeal why his requested charges were proper and how he was harmed by the court's failure to give them. Accordingly, this enumeration is without merit.

4. Wozniuk contends the court erred in failing to allow his attorney to treat Dr. William Lee, Kitchin's personal physician, as a hostile witness, thereby enabling him to ask leading questions during direct examination. "Leading questions generally are allowed only on cross-examination. OCGA § 24-9-63. However, the trial court has the discretion to allow leading questions on direct examination, where, for example, the witness is nervous, or ignorant, or hostile. It would be a rare case in which the trial court's exercise of discretion on this issue would warrant reversal." (Citation omitted.) *Fugate v. State*, 263 Ga. 260, 265 (10) (431 SE2d 104) (1993).

Prior to Lee's testimony, Wozniuk's attorney moved for permission to treat Lee as a hostile witness and ask leading questions, stating that Lee was "very hostile towards me [during his deposition] and was very reluctant to give testimony." The trial judge denied the motion, stating that Lee's hostility would have to be established in his trial testimony, not his deposition testimony. However, during Lee's testimony, Wozniuk's attorney never moved for permission to treat Lee as hostile. Under these circumstances, we cannot say that this is that "rare case" in which the court's exercise of its discretion requires reversal. See *Fugate*, supra.

5. Wozniuk contends the court erred by allowing Kitchin to testify as to his treatment of Wozniuk after testifying earlier that he had no independent recollection of events. This enumeration is without merit.

Kitchin testified as follows: "Q. Do you have an independent recollection without looking at your notes what was said that day? A: Word for word? Q: Yes, sir. A: No, sir. Q: Well not even word for word. Do you remember what you said to him and what he said to you without — in general without looking at your notes. A: It's been so long I'm afraid if I tried to remember, I might say something that wasn't said. I'd rather read it." Kitchin further testified as follows: "Q. Okay. Dr. Kitchin, do you have an independent recollection of seeing Mr. Wozniuk — do you remember distinctly seeing Mr. Wozniuk that day and what all went on in the emergency room without reference to your notes? A: Oh I can't say that I do. That's been a long time ago." At most, Kitchin's testimony showed that he did not remember everything that occurred without reference to his notes, not that he had no recollection of events.

In Kitchin's subsequent testimony, he was primarily testifying based upon his notes and his normal routine, and not from his independent recollection of events. Thus, his testimony did not contradict

his earlier statements.

Finally, any inconsistencies in Kitchin's testimony would go to the weight of such testimony and not its admissibility. Wozniuk was free to address any perceived inconsistencies during his cross-examination of Kitchin and during closing arguments. He has cited no authority for the proposition that a court must exclude testimony if it appears to conflict with prior testimony. This enumeration is without merit.

6. Wozniuk contends that the court erred in allowing one of Kitchin's experts, Dr. Fowler, to testify that viral gastroenteritis could lead to acute appendicitis, arguing that this is an "unproven medical theor[y] based on 'supposition,' and not upon generally accepted and scientifically viable studies."

In response to a question by Kitchin's attorney, Dr. Fowler testified as to a number of different causes for a ruptured appendix. After discussing two potential causes, he stated that "there is at least a supposition in — in the literature that — that the — the lymposites [sic] . . .," at which point Wozniuk's attorney objected that "[h]e said there's supposition in the literature. I don't think he's able to testify about supposition." After the court overruled the objection, Fowler stated that he had used the wrong word. He testified that studies had concluded that viral infections in the intestine can lead to white blood cells accumulating in the lumen of the appendix and causing it to swell.

Wozniuk's attorney did not raise any further objection to this testimony. Furthermore, on cross-examination he himself questioned Fowler as to whether viral gastroenteritis can cause an appendix to rupture. Fowler testified without objection about the scholarly article he had read showing that viral illnesses can be a cause of appendicitis. "[E]ven if counsel timely objects to certain testimony, its admission is not error where substantially the same evidence is subsequently admitted without objection." *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997); see also *Tahamtan v. Tahamtan*, 204 Ga. App. 680, 682 (4) (420 SE2d 363) (1992). Accordingly, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 13, 1997 — ▮▮▮▮▮▮

*Gary C. Harris*, for appellant.
*McClure, Ramsay & Dickerson, John A. Dickerson*, for appellee.