## A05A0708. WILLIAMS v. MARTIN.
(615 SE2d 774)

MILLER, Judge.

Judy Martin sued Jason Williams, Alice Hickman, and Canine Showcase & Wild Bird, Inc. (Canine Showcase) for breach of contract. After the close of Martin's case at trial, Williams moved for a directed verdict, arguing that no evidence had been presented that he could be held individually liable under the contract at issue. Martin then argued for the first time that Williams had commingled funds, and that the corporate veil of Canine Showcase should therefore be pierced to have Williams held personally liable. Although this argument had not been raised in Martin's complaint, was not included in the pretrial order, and the pretrial order was never amended to include the issue, the trial court denied Williams's motion for a directed verdict. Williams appeals from this ruling.[1] Since the commingling issue was not properly before the court, and there was no evidence to otherwise hold Williams individually liable under the contract at issue in this case, the trial court erred in denying Williams's motion for a directed verdict. We therefore reverse.

Construed in Martin's favor, the evidence reveals that in February 1998, Martin entered a contract with Hickman to sell Hickman a pet grooming business. Canine Showcase was the entity that paid both the purchase price of the pet grooming business (in installments) and Martin's salary as a part-time employee of the business after the sale.

Hickman then entered a contract with Williams under which Williams would purchase all stock in Canine Showcase and take over Hickman's payments to Martin for the pet grooming business. All payments to Martin were made by Canine Showcase, not by Williams

---

[1] Hickman settled with Martin and is not involved in this appeal.

individually. There is no evidence that Williams ever agreed to pay for the pet grooming business with his own funds.

After Martin was fired from her part-time job at the pet store, she sued Williams, Hickman, and Canine Showcase for amounts that she claimed she was still owed under the contract. Her complaint contained no allegation that Williams commingled funds such that the corporate veil of Canine Showcase could be pierced to hold Williams personally liable under the contract. Additionally, the final pretrial order contained no mention of this argument. Martin's theory of recovery against Williams was simply that he had personally obligated himself to make payments to her when he assumed the contract she had originally entered into with Hickman.

After Martin rested her case, Williams moved for a directed verdict, arguing that no evidence had been presented to show that he could be held personally liable under the contract to purchase the pet grooming business. At first, the trial court agreed:

> [Williams] said personally he didn't agree to [make the contract payments]. It was done all in the name of the corporation, which is [Canine Showcase]. And it sounds like what he said is accurate to me. Unless you can tell me otherwise, I'm going to grant his motion [for a directed verdict]. . . . [I]f anybody's liable, I assume it would be the business that is liable, not Mr. Williams.

Faced with this apparent result, Martin argued for the first time that Williams was commingling the funds of Canine Showcase such that the corporate veil of the company should be pierced to hold Williams individually liable. In support of this new theory, Martin referred to an accounting document that had previously been admitted into evidence. The document allegedly showed that Canine Showcase had issued checks to pay Williams's mortgage. However, the document had not been admitted for the purpose of showing that Williams commingled his and the company's assets.

Williams repeatedly informed the court that the issue of commingling had not previously been presented or litigated in the case, expressing dismay at Martin's attempt to "sneak" this new issue into the proceedings. The court acknowledged that the issue had not been raised until Williams moved for a directed verdict, but denied Williams's motion. The jury returned a verdict against Williams individually, and he now appeals.

1. Williams argues that the trial court erred in denying his motion for directed verdict. We agree.

A directed verdict is required where there is no conflict in the evidence as to any material issues and the evidence introduced,

construed in favor of the nonmovant, demands a particular verdict. *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (1) (496 SE2d 535) (1998). Thus, the standard of appellate review of a trial court's denial of a motion for a directed verdict is the any evidence test. *Professional Consulting Svcs. of Ga. v. Ibrahim*, 206 Ga. App. 663, 665 (1) (426 SE2d 376) (1992).

Here, as the trial court initially indicated, there was no evidence that Williams was personally liable under the contract to purchase the pet grooming business. Martin conceded that all payments to her for the pet grooming business were made by Canine Showcase, not Williams. It is further undisputed that when Williams purchased Canine Showcase from Hickman, all payments to Martin continued to be made as an obligation of Canine Showcase, not as an individual obligation of Williams. There is also no evidence that Williams ever agreed to be individually responsible for the contract payments relating to the pet grooming business and Martin's salary. Williams was therefore entitled to a directed verdict. See *Cherry v. Ward*, 204 Ga. App. 833, 835 (1) (b) (420 SE2d 763) (1992) (president of company was entitled to directed verdict in his individual capacity where relevant portions of allegedly breached contract concerned only his company).

Martin's attempt to create a jury question after resting her case by raising the issue of commingled assets cannot change our result. "[I]t generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order." (Footnotes omitted.) *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 318 (1) (486 SE2d 851) (1997); see also *Tahamtan v. Tahamtan*, 204 Ga. App. 680, 681 (1) (420 SE2d 363) (1992); OCGA § 9-11-16 (b). "[O]nce entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." (Punctuation and footnote omitted.) *Dept. of Human Resources*, supra, 268 Ga. at 318 (1); see *Tahamtan*, supra, 204 Ga. App. at 681 (1).

Here, it is undisputed that Martin did not raise her commingling theory until she was faced with a motion for directed verdict. The pretrial order contained no mention of this theory and was never amended to reflect this theory at trial. Even if it had been so amended, such amendment would have been improper, because Williams had no opportunity to prepare a defense to this new theory. See *Dept. of Human Resources*, supra, 268 Ga. at 319 (1); compare *Baumann v. Snider*, 243 Ga. App. 526, 528-529 (1) (532 SE2d 468) (2000) ("Failure of a party to raise an issue in the pretrial order is not controlling where evidence is introduced on the issue without objection, the opposing party is *not surprised*, and the *issue is litigated*.") (footnote omitted; emphasis supplied). We cannot allow Martin to change

tactics after the close of her case to Williams's detriment. *Dept. of Human Resources*, supra, 268 Ga. at 319 (1).

The trial court erred in denying Williams's motion for directed verdict.

2. In light of our holding in Division 1, Williams's remaining enumerations are moot.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 24, 2005 —
RECONSIDERATION DENIED JUNE 8, 2005.

*Jeffrey L. Shaw*, for appellant.
*Rumsey & Ramsey, Ronald L. Cundy*, for appellee.