S12Q1648. HOLLAND et al. v. CAVINESS
(737 SE2d 669)

HINES, Justice.

This case comes before this Court on a certified question from the United States District Court for the Southern District of Georgia in a matter regarding admission of "worldly circumstances"[1] evidence in a tort action where the only injury is to a plaintiff's peace, happiness, or feelings. The district court certified the question:

Is it proper for a jury to consider a defendant's worldly circumstances when deciding the amount of damages that should be imposed under OCGA § 51-12-6?

The answer is that the current version of OCGA § 51-12-6[2] precludes admission of worldly circumstances evidence when the only injury is to a plaintiff's peace, happiness, or feelings.

As presented by the district court, and revealed in the record, the relevant facts of this case are that Steven N. Caviness was injured in a train accident in 2004. He retained attorney James R. Holland II, a partner in Wettermark, Holland & Keith (collectively "Holland") to pursue an action against CSX Transportation, Inc. ("CSX"). Holland filed Caviness's complaint against CSX on November 16, 2007 in the Circuit Court of Jefferson County, Alabama. On December 7, 2007, CSX answered and raised as an affirmative defense the expiration of the statute of limitation, and the Circuit Court subsequently granted

---

[1] In this context, "worldly circumstances" simply means wealth. See *Bailey v. Edmundson*, 280 Ga. 528, 534 (6) (630 SE2d 396) (2006); *Hodges v. Youmans*, 129 Ga. App. 481, 486 (8) (200 SE2d 157) (1973).

[2] OCGA § 51-12-6 reads:

In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

CSX's motion for summary judgment. Although Holland learned of the missed statute of limitation on December 7, 2007, Caviness was not told of the mistake until December 21, 2007.

Caviness then, in the State Court of Richmond County, Georgia, pursued both legal malpractice and breach of fiduciary duty claims against Holland. The case was removed to the United States District Court for the Southern District of Georgia, which granted summary judgment in favor of Holland on the legal malpractice claim but denied Holland's motion for summary judgment on the breach of fiduciary duty claim; the district court found that because the only remaining injury was to Caviness's peace, happiness, or feelings, OCGA § 51-12-6 applied. A trial was held and, over objection, Caviness introduced evidence of the defendants' worldly circumstances, including that Holland's firm made more than $3 million in 2010, that Holland himself made more than $1 million in 2010, and that Holland owned two homes, two boats, a BMW automobile, and a Lexus automobile. The jury returned a verdict in favor of Caviness and awarded $700,000 in damages.[3] Holland's motion for a new trial was denied by the district court with leave to renew it pending this Court's answer to the certified question posed.

The current version of OCGA § 51-12-6 is a result of the Tort Reform Act of 1987 (the "Act"). Prior to the passage of the Act, OCGA § 51-12-6 expressly permitted admission of worldly circumstances evidence when a tort was such that "the entire injury is to the peace, happiness, or feelings of the plaintiff."[4] Thus, the pre-1987 version of OCGA § 51-12-6 was an exception to "[t]he general rule . . . that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved. [Cits.]" *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (2) (88 SE2d 26) (1955). See also *Bailey v. Edmundson*, 280 Ga. 528, 534 (6) (630 SE2d 396) (2006).

---

[3] The district court instructed the jury using language from the Georgia pattern jury instructions. See Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 66.600 (5th ed. 2007). That pattern instruction includes reference to the "worldly circumstances of the parties," language that was deleted from the statute in 1987. In light of our opinion in this case, the jury should no longer be instructed using that language.

[4] The pre-1987 version of OCGA § 51-12-6 read:

In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such a case, the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed; and the verdict of the jury should not be disturbed unless the court suspects bias or prejudice from its excess or its inadequacy.

Also present in the Code prior to the 1987 passage of the Act was then-OCGA § 51-12-5,[5] which permitted the award of "additional damages to deter the wrongdoer" in tort actions where "aggravating circumstances" were shown. However, evidence of the worldly circumstances of the defendant was *not* admissible in cases brought under OCGA § 51-12-5. *Stepperson, Inc. v. Long*, 256 Ga. 838, 841 (353 SE2d 461) (1987). In effect, if a plaintiff was faced with a situation in which damages could be claimed under either then-OCGA § 51-12-5 or then-OCGA § 51-12-6, the plaintiff would have to elect which damages to pursue. Id. at 843. Under then-OCGA § 51-12-6, the fact that the jury was authorized to consider the worldly circumstances of the defendant allowed for an award intended to deter gross misconduct, in addition to compensating the plaintiff for the injury. *Westview Cemetery v. Blanchard*, 234 Ga. 540, 546 (2) (B) (216 SE2d 776) (1975).

In the 1987 Act, the General Assembly enacted OCGA § 51-12-5.1,[6] authorizing "damages [to be] awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant" in tort actions.[7] In the Act, the General Assembly also enacted the current version of OCGA § 51-12-6, and deleted from the pre-1987 statute the language: "the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be

---

[5] The pre-1987 version of OCGA § 51-12-5 read:

In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff.

[6] In pertinent part, OCGA § 51-12-5.1 reads:

(a) As used in this Code section, the term "punitive damages" is synonymous with the terms "vindictive damages," "exemplary damages," and other descriptions of additional damages awarded because of aggravating circumstances in order to penalize, punish, or deter a defendant.

(b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

(c) Punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant.

. . .

[7] The General Assembly also altered the pre-1987 text of OCGA § 51-12-5 to provide that that Code section would apply only to causes of action arising before July 1, 1987. OCGA § 51-12-5 now reads:

(a) In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff.

(b) This Code section shall apply only to causes of action for torts arising before July 1, 1987.

weighed." In its place, the legislature inserted the text: "In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded." And, the General Assembly specifically encompassed within the term " 'punitive damages' " those damages that might be "awarded . . . in order to . . . deter a defendant." OCGA § 51-12-5.1 (a). Thus, the General Assembly eliminated from OCGA § 51-12-6 the language that was intended to deter misconduct, and provided for awards to accomplish that goal in OCGA § 51-12-5.1. Such a legislative choice reveals the intent to eliminate the jury's consideration of a defendant's worldly circumstances in an action proceeding under OCGA § 51-12-6, and that choice must be given effect. See *Cox v. Fowler*, 279 Ga. 501, 502 (614 SE2d 59) (2005). And, the General Assembly's revision reflects a coherent legislative scheme; if a cause of action is within the ambit of OCGA § 51-12-5.1, evidence of the defendant's financial circumstances may be admissible. See *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 764, n. 13 (386 SE2d 120) (1989), vacated by the United States Supreme Court, judgment affirmed and reinstated on remand, 261 Ga. 613 (409 SE2d 501) (1991); *Floyd v. First Union Nat. Bank of Ga.*, 203 Ga. App. 788, 791 (3) (417 SE2d 725) (1992); *Holman v. Burgess*, 199 Ga. App. 61 (404 SE2d 144) (1991). But, if the plaintiff proceeds under OCGA § 51-12-6, such evidence is not admissible. It is noteworthy that such a scheme had been suggested by the Court of Appeals the year before the passage of the 1987 Act. See *Brunswick Gas & Fuel Co. v. Parrish*, 179 Ga. App. 495, 500 (347 SE2d 240) (1986), in which that Court opined that "[t]he provision probably should appear, if at all, in the punitive damages statute with regard to all wilful torts of aggravating circumstances." And, that is the course that the General Assembly took.[8]

Nonetheless, Caviness asserts that the post-1987 version of OCGA § 51-12-6 is in derogation of the common law and must be strictly construed. See *Albany Urology Clinic v. Cleveland*, 272 Ga. 296, 299 (1) (528 SE2d 777) (2000). However, Caviness fails to

---

[8] Caviness urges that the language in OCGA § 51-12-6 stating that "punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded," does not mean that no punitive damages shall be awarded under OCGA § 51-12-6, but rather ensures that no *second* award of punitive damages shall also be made under the authority of one of the other Code sections. However, this would require that we conclude that in the Tort Reform Act of 1987, the General Assembly: (a) provided for punitive damages in tort actions in OCGA §§ 51-12-5 and 51-12-5.1; (b) removed from OCGA § 51-12-6 the language that supported a punitive award; (c) referred to the statutory punitive provisions in drafting OCGA § 51-12-6; and (d) nonetheless, intended for a punitive award provision to exist in OCGA § 51-12-6 sub silentio. There is no reasonable basis for concluding such, and it would be contradictory to the rational and comprehensive scheme the General Assembly set forth. See Ga. L. 1987, p. 915.

demonstrate that the provision found in the pre-1987 version of OCGA § 51-12-6 was a part of the common law of Georgia. The language of the pre-1987 version of OCGA § 51-12-6 first appears in the Code of 1863 as Section 2999. See *Wilson v. McLendon*, 225 Ga. 119, 120 (166 SE2d 345) (1969). In support of the contention that the "worldly circumstances" language reflects a principle of this State's common law before the Code of 1863, Caviness points to the case of *Tolleson v. Posey*, 32 Ga. 372 (1861), which involved a suit for slander. On appeal, this Court stated that evidence of the defendant's property as shown in the books of the Receiver of Tax Returns that was excluded at trial should have been admitted as

> [j]uries are authorized in such cases to give smart money, or, in other words, to make the verdict somewhat positive. What a poor man would feel as smart money, one of very large means would not. We think, in assessing damages for an ascertained wrong, it is admissible for the jury to look to the defendant's circumstances; if so, then it is proper that they should have evidence of the extent of his wealth . . . .

Id. at 375. However, nothing in *Tolleson* indicates that the injuries sought to be recovered in that case were *entirely* to "the peace, happiness, or feelings of the plaintiff," which was necessary under the prior version of OCGA § 51-12-6. See *Westview Cemetery*, supra. Although Caviness notes that the 1861 opinion in *Tolleson* predates the effective date of the Code of 1863, the Code of 1863 was, in fact, adopted on December 19, 1860. See *Central of Ga. R. Co. v. State of Ga.*, 104 Ga. 831, 840 (2) (31 SE 531) (1898). And, that adoption included " 'such new matter as was introduced, as well as such changes and modifications as were clearly made in existing laws.' [Cit.]" *Clark v. Newsome*, 180 Ga. 97, 100 (178 SE 386) (1935).

Further, prior to the issuance of the *Tolleson* opinion, the legal authority for *any* award of "vindictive, or punitive, or exemplary, damages" was called into question in *Cherry v. McCall*, 23 Ga. 193, 200 (1857), wherein the propriety of such damages had been assumed in the trial court, and not made a question on appeal. This Court has previously noted that the very existence of a cause of action "where the only injury is to peace, feelings or happiness was disfavored at common law [cit.] . . . ." *Westview Cemetery*, supra at 545. Accordingly, we cannot conclude that the "worldly circumstances" language of the pre-1987 version of OCGA § 51-12-6 reflects the common law of Georgia prior to its appearance in the Code of 1863.

Even assuming that the earlier version of OCGA § 51-12-6 reflects the common law, we do not agree that the results of the 1987 legislative changes must be construed to leave the earlier version of OCGA § 51-12-6 intact.

> A statute does not need to expressly say, "this is intended to preempt the common law." The actual canon of statutory construction is " 'that [statutes] in derogation of the common law . . . must be limited strictly to the meaning of the language employed, and not extended beyond the plain and explicit terms of the statute.' " [Cit.]

*Couch v. Red Roof Inns*, 291 Ga. 359, 364 (1) (729 SE2d 378) (2012). The plain and explicit terms of the revised statute do not provide for evidence of a defendant's worldly circumstances to be admitted in a case in which the only injury is to a plaintiff's peace, happiness, or feelings; as noted above, this is part of a coherent legislative scheme. Accordingly, the certified question must be answered in the negative.[9]

*Certified question answered. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*Carlock, Copeland & Stair, Johannes S. Kingma, Peter Werdesheim,* for appellant.

---

[9] In posing its certified question to this Court, the district court noted that precluding the admission of worldly circumstances in this matter seems to conflict with the decision in *Tahamtan v. Tahamtan*, 204 Ga. App. 680 (420 SE2d 363) (1992). In *Tahamtan*, an ex-husband brought an action against his ex-wife for breach of an agreement requiring the ex-wife to transfer property to him, and the ex-wife counterclaimed for both actual and punitive damages under OCGA § 51-12-6. Id. at 680. The trial court admitted evidence of the ex-husband's worldly circumstances, the jury returned a $250,000 verdict for the ex-wife, and on appeal, the ex-husband asserted that admission of his worldly circumstances was in error. Id. at 683. In addressing this claim, the Court of Appeals in *Tahamtan* erroneously relied on the pre-1987 version of the law to find no error in the lower court's admission of worldly circumstances evidence; although not clearly stated in the opinion, it appears that the cause of action asserted in *Tahamtan* arose after the effective date of the current version of OCGA § 51-12-6. *Tahamtan* should have been governed by the current version of OCGA § 51-12-6, under which evidence of worldly circumstances is not permitted. Accordingly, to the extent that *Tahamtan* stands for the proposition that evidence of a defendant's worldly circumstances is admissible in a cause of action pursued under the post-1987 version of OCGA § 51-12-6, it is in error and must be overruled.

*Frank J. Beltran, Brian R. Smith, Durham & Crane, Danny L. Durham, Henry N. Crane III*, for appellee.